Argued March 16, affirmed April 15, petition for rehearing denied
May 11, petition for review denied June 9, 1971

STATE OF OREGON, *Respondent, v.*
RAYMOND WASHINGTON, *Appellant.*

483 P2d 465

*J. Marvin Kuhn*, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab,* Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

This appeal is from conviction of first degree felony murder. The indictment charged that defendant committed first degree arson in the course of which he killed a person. The defendant voluntarily confessed the crime to an arson investigator; hence, corroboration of the confession in evidence was necessary for conviction. ORS 136.540 (1).

Allegations of error are: (1) the arson investigator, an expert, should not have been allowed to testify to his opinion that the fire was of incendiary origin because some of the evidence upon which his opinion was based had been lost and was not in evidence; and (2) there was insufficient evidence of the corpus delicti, and, consequently, a motion for acquittal should have been granted.

In the early morning hours of November 20, 1969, a dilapidated homemade trailer house of wood

---

* Schwab, C. J., did not participate in this decision.

construction located near potato storage sheds in a rural area of Jefferson County was completely destroyed by fire. There was no alarm and no near witness to the fire. Later, the remains of a person were found in the ashes. He had died from the effects of the fire. Lieutenant Benninghoff, arson investigator for the state police, conducted an investigation several days later. He found an electric cord leading from a power pole to the ashes, burned off on the trailer end. It was in evidence. He testified that if the fire had originated from an electrical appliance in the trailer he would expect to find discoloration in the remainder of the wire caused by electrical surges that would have accompanied short-circuiting of electricity. None was found. His investigation of the wood stove that was in the remains of the trailer indicated there had been no recent fire in it. He emphasized that complete destruction of the trailer indicated to him that the fire was set from outside the trailer, even though no attempt had been made to fight the fire.

He also testified that as he raked the ashes, he found a splinter of wood, which he described as about the size of one of his fingers, which was not burned on its smooth side. Another witness had testified that the floor of the trailer had been tongue-and-groove flooring. Lieutenant Benninghoff testified that in his opinion the splinter was from a piece of the flooring, that usually such flooring is laid with its smooth side as the floor surface, and inasmuch as the smooth side was not burned and the other side was, this was an indication that the fire came from outside the trailer. He testified he had inadvertently lost or destroyed the splinter and could not produce it.

In the confession of the defendant, which was in evidence, he said that he set the fire on the under-

side of the trailer, using waste paper from a metal trash barrel near the potato storage sheds. On the day after he confessed, evidence was that defendant accompanied Lt. Benninghoff and other officers to the scene, and pointed out where he had set the fire and the metal barrel from which he had taken the waste paper.

The corpus delicti of arson is (1) that the building burned, (2) as a result of the criminal act of some person. *State v. Wm. Lester Schleigh*, 210 Or 155, 165, 310 P2d 341 (1957). The testimony of an expert arson investigator, based upon his investigation of the burnt ruins, that it is his opinion that the fire was started on the outside of the building by some person establishes the corpus delicti in arson. *State v. Breen*, 250 Or 474, 478-79, 443 P2d 624 (1968).

In the case at bar if the only evidence Lt. Benninghoff had for support of his opinion was the lost wood splinter, defendant would have a stronger argument than he has, although an evidence statute and some precedent even then would be against his contention.[1]

However, the expert here testified his opinion was based upon three other factors, as well as the wood

---

[1] See People v. Buckowski, 37 Cal2d 629, 233 P2d 912 (1951), *cert. denied* 342 US 928, 72 S Ct 369, 96 LEd 692 (1952), where an expert testified that he had fired a gun which the prosecution claimed was a murder weapon, and found that the bullets from such firing had identical markings with the fatal bullet. The defendant objected to the opinion evidence because the evidence upon which the opinion was based, that is the bullets, was not introduced. The court held the opinion was properly received:

"* * * No more direct evidence of the conclusions of the ballistics expert was necessary than his oral testimony in connection with the bullets themselves." 37 Cal 2d at 631.

Further, ORS 41.260 provides that the direct evidence of one witness who is entitled to full credit is sufficient proof of a fact in such cases.

splinter: (1) the condition of the electrical cord; (2) the condition of the interior of the wood stove (which also was not in evidence); and (3) the fact that the fire completely destroyed the trailer. Additionally, after he confessed, defendant showed the officers the metal barrel from which he had said he got the material for starting the fire. The fact the barrel was there, where his confession said it would be, is significant. In *State v. Fong*, 211 Or 1, 20, 314 P2d 243 (1957), the court said:

> "* * * ' "[P]roof of crime by admission alone, however obtained" is not admissible' * * * but * * * it is to be remembered that statements of extraneous facts by the accused may afford some proof of the corpus delicti because such evidence tends to show the criminal agency of the defendant [citing cases] * * *."

Affirmed.