Argued July 17, reversed and remanded August 12, reconsideration
denied September 18, petition for review denied
November 1, 1974

# STATE OF OREGON, *Appellant, v.* PATRICK LLOYD JONES, ᴀᴋᴀ THOMAS LEWIS JONES, *Respondent.*

525 P2d 194

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Thomas D. Kerrigan,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and THORNTON and TANZER, Judges.

TANZER, J.

This is an appeal by the state from an order dismissing the indictment charging criminal activity in drugs by possession of marijuana because the marijuana was no longer available for independent testing.

The facts are agreed. A raid in January 1971 resulted in the discovery of 54 pounds of matter packaged in the manner of hashish. It was photographed, tested in the police laboratory and found to be hashish. Defendant and two others were indicted in March 1971 for possession of it. The other two defendants were promptly arrested and sentenced upon their guilty pleas. The contraband was thereafter destroyed pursuant to court order. Defendant was not arrested until February 1974.

Upon learning that the marijuana had been destroyed, defense counsel moved for its production for independent testing. The motion was granted and, the state being unable to comply, the defense moved for dismissal. The granting of the order to dismiss is assigned as error.

The question here is whether dismissal of a criminal case is constitutionally required solely be-

cause the defendant is denied the opportunity to independently analyze culpable physical evidence which is no longer available.

Defendant asserts that the case is controlled by the line of cases beginning with *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), which required dismissal where, after demand, the state suppressed evidence favorable to the defendant. *See also, State v. Williams,* 11 Or App 255, 500 P2d 722 (1972); *Hanson v. Cupp,* 5 Or App 312, 484 P2d 847 (1971).

■ This case differs from those in two important respects. First, there is no suppression in the constitutional sense of refraining from informing defendant of evidence of which he is not aware. When the evidence was available for trial, the defendant was not. There are obvious reasons for not keeping contraband any longer than is necessary and, when it appeared that it was not going to be required in this case, the matter was innocently destroyed by order of court. *United States v. Henry,* 487 F2d 912 (9 Cir 1973); *United States v. Sewar,* 468 F2d 236 (9 Cir 1972), *cert den* 410 US 916 (1973). The destruction of contraband was a reasonable act, not a tactical ploy.

Additionally, there is no reason to believe that the evidence was favorable to or "of substantial significance for the defense." *Hanson v. Cupp,* supra. Defendant does not claim in support of either motion that independent testing would demonstrate that the substance was other than marijuana. To the contrary, the substance looked to the officers like hashish, was packaged like hashish and was found by the police laboratory technician to be hashish. There is no claim

or showing by defendant to alter the probability that the substance was culpatory. The Oregon Supreme Court has declined to extend the *Brady* doctrine to non-disclosure of evidence which is "probably * * * unfavorable to defendant," *Stout v. Gladden,* 250 Or 490, 493, 443 P2d 631 (1968), and we see no reason to do so in this case.

■■ The trial court was primarily concerned with the right of the defendant to independently analyze the evidence against him as some sort of right in itself.[1] Dismissal, however, frustrates the public right. It is a drastic remedy to be reserved for severe situations. Unless the circumstances of the unavailability of evidence reach the dimensions of constitutional due process, then trials should proceed in reliance upon that evidence which exists, rather than be barred because some evidence is not available. Here the loss of evidence is innocent and of less than constitutional dimension, *see United States v. Augenblick,* 393 US 348, 89 S Ct 528, 21 L Ed 2d 537 (1969); *Nunn v. Cupp,* 15 Or App 212, 515 P2d 421 (1973), and the problem becomes one of sufficiency and weight of proof at trial. *Munich v. United States,* 363 F2d 859 (9 Cir 1966), *cert den* 386 US 974 (1967); *State v. Washington,* 5 Or App 347, 483 P2d 465, *rev den* (1971). The dismissal in this case was erroneous.

Reversed and remanded for further proceedings consistent with this opinion.

---

[1] *People v. Hitch,* 113 Cal Rptr 158, 520 P2d 974 (1974) [rehearing denied May 10, 1974, rehearing granted June 14, 1974].