Argued June 20, reversed and remanded
for a new trial July 8, 1975

STATE OF OREGON, *Respondent, v.* SANDRA
GAIL BATES (No. C 74-10-3021 Cr), *Appellant.*

537 P2d 587

*J. Marvin Kuhn,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

*James C. Rhodes,* Assistant Attorney General, Sa-
lem, argued the cause for respondent. With him on
the brief were Lee Johnson, Attorney General, and
W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C. J.

Upon trial by jury the defendant was convicted of criminal activity in drugs (possession). ORS 167.207. The basic question at trial was whether the drugs were possessed by defendant or by another person who occupied the same premises as did defendant. One of defendant's assignments of error on appeal is that it was error for the court not to allow a motion for a new trial based upon the fact that subsequent to the jury verdict it was discovered that due to a mistake on the part of all parties, two letters which had been written to the defendant had accompanied the jury to the jury room. One of those letters contained the statement:

"When you have a chance why not drop us a note on how you're progressing with your therapy, if that's the right word for it * * *."

The state concedes that the letters should not have gone to the jury, but contends that the above excerpt was harmless. *State v. Jones,* 18 Or App 343, 525 P2d 194, Sup Ct *review denied* (1974).

It is true that there are various forms of therapy. It is equally true that therapy is a word used in connection with treatment of drug addiction. We cannot affirmatively say that the letter did not tip the scales against the defendant.

Reversed and remanded for a new trial.