Argued April 21, reversed and remanded June 21, reconsideration denied July 28, petition for review denied September 1, 1976

STATE OF OREGON, *Appellant,*

*v.*

ROBERT SAMUEL REAVES, *Respondent.*

(No. C 75-10-3104 Cr, CA 5512)

550 P2d 1403

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Imants Osis,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This is an appeal by the state from an order suppressing breathalyzer test results on the ground that the state did not make available the breathalyzer test ampule for defendant's independent testing.

This issue is controlled by our recent decision in *State v. Michener,* 25 Or App 523, 550 P2d 449 (1976). In that case, we rejected the California rule[1] that requires that breathalyzer ampules always be made available for independent testing. Instead, following the Oregon authorities,[2] we concluded that a defendant must establish

"* * * some reasonable possibility, based on concrete evidence rather than a fertile imagination, that * * * [the breathalyzer ampule] would be favorable to his cause." 25 Or App at 532.

In *Michener* the required showing of potential favorableness consisted of video tapes of the defendants at the time of their arrests that raised a serious question about the accuracy of the breathalyzer test results.

■ In this case, there is no evidence that retesting of the breathalyzer ampule might produce evidence favorable to the defendant. On such a record, a motion to suppress breathalyzer test results must be denied. *State v. Michener, supra.*

■ However, we conclude defendant's attempt to make a record on this issue was prematurely cut off by the erroneous ruling of the trial court:

"[DEFENSE COUNSEL]: May I put on one [additional] witness?

"THE COURT: What's he going to testify to?

---

[1] *People v. Hitch,* 12 Cal3d 641, 117 Cal Rptr 9, 527 P2d 361 (1974).

[2] *State v. Koennecke,* 274 Or 169, 545 P2d 127 (1976); *State ex rel Dooley v. Connall,* 257 Or 94, 475 P2d 582 (1970); *State v. Hockings,* 75 Adv Sh 3802, 23 Or App 274, 542 P2d 133 (1975), Sup Ct *review denied* (1976); *State v. Jones,* 18 Or App 343, 525 P2d 194, Sup Ct *review denied* (1974); *State v. Williams,* 11 Or App 255, 500 P2d 722 (1972); *Hanson v. Cupp,* 5 Or App 312, 484 P2d 847 (1971).

"[DEFENSE COUNSEL]: As to the condition of [defendant] at the * * * time of his arrest.

"* * * * *

"THE COURT: I've got enough to rule on this point. You are saying 'his condition.' You mean as to sobriety?

"[DEFENSE COUNSEL]: Yes.

"THE COURT: No, I don't want to hear it. That's got nothing to do with it. * * *"

On this record, we think it appropriate to allow defendant, on remand, to renew his motion to suppress and attempt to sustain his burden under *Michener.*

■ This is not to suggest that testimony of one or more witnesses to the effect that a driver appeared sober at the time of his arrest would necessarily constitute a sufficient showing of favorableness under *Michener.* The trial court, as fact finder, must first pass on the credibility of the witnesses, just as is true when other questions arise at pretrial evidentiary hearings, such as whether warnings preceded a confession or there was consent to conduct a search. In other words, the "fertile imagination" we referred to in *Michener* can include sworn testimony at a suppression hearing.

And even credible testimony that the defendant appeared sober at the time of his arrest would not necessarily constitute a sufficient showing of favorableness under *Michener.* As we noted in *Boyd v. Francis Ford, Inc.,* 12 Or App 26, 504 P2d 1387 (1973), a case where there was testimony that a person with a .37 percent blood alcohol level "appeared sober,"

"* * * a person who could achieve such a [blood alcohol] level would have had considerable experience with alcohol, would have been drinking for quite a few hours before achieving it, and might not outwardly show the effects of the alcohol." 12 Or App at 28.

We also said the experienced drinker "* * * could deceive the casual observer as to his inebriated condition." 12 Or App at 31.

Reversed and remanded.