STATE OF OREGON, *Appellant,*
*v.*
GEORGE J. SPADA, *Respondent.*
(No. F 36318, CA 9090)
576 P2d 33

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for appellant. On the brief were James A. Redden, Attorney General, Al J. Laue,

Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem.

James L. Carney, Portland, argued the cause for respondent. On the brief were Robert C. Lucas and Benson, Arenz, Lucas & Davis, Portland.

Before Schwab, Chief Judge, Thornton, Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

The state appeals from the dismissal of a traffic complaint charging defendant with a violation of the basic speed rule, ORS 487.465.

■■ Defendant requested pretrial discovery of the specifications, operating instructions, and repair and maintenance records for the radar device with which the arresting officer measured defendant's speed. When the state declined to supply those documents, defendant moved for an order requiring the prosecution to produce them. The trial court issued the order for discovery of the maintenance and repair records based upon the due process clause of the Fourteenth Amendment to the United States Constitution, as interpreted in *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963).[1] The state refused to comply, and the trial court dismissed the complaint. We reverse.

*Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 US at 87. Oregon cases interpreting *Brady* have required defendant to make some showing, beyond mere speculation, that the evidence he seeks will be favorable to him and material to his guilt or innocence. *State v. Koennecke,* 274 Or 169, 179, 545 P2d 127 (1976); *State v. Hockings,* 29 Or App 139, 143, 562 P2d 587 *rev den* (1977), *cert den* 434 US 1049 (1978).

Here, defendant has made no such showing. He argues that the radar maintenance and repair records by their very nature would be favorable to him because each repair indicates an actual defect in the

---

[1] This procedure is to be distinguished from a *subpoena duces tecum* requiring production of records. *Cf., State ex rel Johnson v. Schwartz,* 26 Or App 279, 552 P2d 571 (1976).

Also, it is agreed by the parties that the discovery statutes, ORS 135.805 to 135.873, made applicable by ORS 484.375(3), do not require production of such records.

device and any failure to perform scheduled maintenance indicates a potential defect. Therefore, he argues, the record would be helpful in challenging the accuracy and reliability of the speed measurement on which the traffic complaint is based.

These assertions do not suffice to remove defendant's showing from the realm of mere speculation. Defendant merely states the obvious: If the radar device were not functioning properly, its measurement of defendant's speed would be inaccurate. He has given no facts or reasons to support a belief that the radar device was actually defective. At best, such evidence, if it exists, is at least as likely to indicate good operating condition as bad. Therefore he has not made the showing of favorability as required under *Koennecke* and *Hockings. Compare, State v. Reaves,* 25 Or App 745, 550 P2d 1403 *rev den* (1976), with *State v. Michener,* 25 Or App 523, 550 P2d 449 *rev den* (1976). In *Koennecke,* the Supreme Court noted:

> "We agree with the statement by the dissenting opinion of the Court of Appeals in this case that *'Brady* is not authority for what defendant here seeks to do, that is, obtain evidence of unknown import to test and determine whether it helps or hurts his case.' "

274 Or at 181, *quoting State v. Koennecke,* 22 Or App 89, 105, 537 P2d 1160 (1975) (Schwab, C. J., dissenting).

Reversed and remanded.