Argued March 1, reversed and remanded May 7, 1979

STATE OF OREGON, *Respondent,*
*v.*
JERRY PAUL SIMPSON, *Appellant.*
(No. 78-06338, CA 12534)
594 P2d 425

Elizabeth A. Baldwin, Eugene, argued the cause for appellant. With her on the brief was Ross M. Shepard, Eugene.

Robert Reinhard, Eugene, argued the cause for respondent. On the brief were J. Pat Horton, District Attorney, and Frank R. Papagni, Jr., Assistant District Attorney, Eugene.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Defendant appeals from the judgment on a jury conviction of driving under the influence of intoxicants. ORS 487.540. He argues that the trial court erred in denying his motion—styled a "motion *in limine*"—to exclude from evidence the result of a breathalyzer test on the ground that the test ampule was not produced for retesting. The state conceded that the ampule had not been retained.

The trial court denied the motion on two grounds. First, the motion was subject to the local court rules governing motions to suppress and to produce and was not timely under those rules.[1] Second, defendant failed to make the showing required by *State v. Michener,* 25 Or App 523, 550 P2d 449, *rev den* (1976).

---

[1] Rules 5.1 and 5.2 of the District Court for Lane County:

"Rule 5.1 *Discovery*

"Motions to produce not based on ORS 135.805 shall be filed with the Court and served on the opposing attorney not more than 15 days after entry of a 'not guilty' plea.

"(a) The motion shall state the specific items sought, who has custody of the items, and whether production is sought for inspection, copying, or testing, and shall be accompanied by a brief statement setting forth the right to production with specific reference to any supporting constitutional provision, statute, case or other authority, and an affidavit regarding any facts relied on, when such facts are not contained in the official records of the Lane County District Court.

"(b) The motion to produce will be summarily allowed unless, within 15 days after service, the opposing attorney files and serves a written request for hearing. Any brief or affidavit opposing the motion to produce shall be filed and served together with the request for hearing."

"Rule 5.2 *Motion to Suppress or Controvert*

"(1) Motions to suppress evidence or to controvert search warrant affidavits shall be filed within 15 days after entry of a 'not guilty' plea.

"(2) Motions to suppress or to controvert must be accompanied by an affidavit or affidavits on behalf of the defendant setting forth all facts within his knowledge upon which he intends to rely in support of the motion. The motion shall make specific reference to any constitutional provision, statute, rule, case or other authority upon which it is based and shall be accompanied by the moving party's brief which shall be adequate reasonably to apprise the court and the adverse party of the facts, arguments and authorities relied upon. Any opposition to a motion to suppress together with any opposing affidavits upon which it is based shall be in writing and shall be served and filed not more than

To obtain rulings on the matters which defendant attempted to raise by the so-called motion *in limine,* the local rules, as interpreted and applied by the trial court, required that a motion be filed not more than 15 days from the entry of defendant's plea. No motion concerning the ampule or the breathalyzer result was filed in that period. Defendant does not challenge the authority of the court to adopt such a rule; nor does he ·contend that the rule contravened any statute or that it was unreasonable. He argues that the interpretation given the rules was inconsistent with the interpretation given them by other judges in other cases and that it was clearly incorrect to apply to the motion the rules concerning motions to suppress and motions to produce "not based on ORS 135.805."

In order to evaluate the latter contention,. it is necessary to detail what the local rules, as interpreted and applied, would have required of defendant in order to preserve the matters he sought to raise by the motion. As we understand the court's ruling, a motion to produce the ampule filed not more than 15 days from entry of the not-guilty plea would have been sufficient. Or, had defendant learned at that early stage that the ampule was not available, a motion to suppress or controvert the result of the breathalyzer test filed within the 15-day period would also have been adequate. Furthermore, as the trial court noted, a later motion might have been considered if there had been a showing of good cause for the delay.

7 days after the motion to suppress has been filed. The opposition shall state the grounds thereof and, if the relief or order requested is not opposed, wholly or in part, a specific statement of the extent to which it is not opposed any opposition shall make specific reference to any affidavits relied on and shall be accompanied by an opposition brief adequate reasonably to apprise the court and moving parties of the arguments and authorities relied upon.

"(3) When averments in an affidavit are made upon information and belief, the affidavit shall indicate the basis thereof.

"(4) *Unless otherwise ordered or permitted by the court,* motions involving issues of fact shall be initially made and opposed upon affidavits. The court shall order an evidentiary hearing if necessary to resolve any conflicts on issues of fact presented by the affidavits."

■ The record shows that defendant did not learn of the unavailability of the ampule until well after the 15-day period and that his motion was filed shortly after he did learn. The only motion that might have been reasonably expected during the 15-day period, therefore, was a motion to produce. Local Rule 5.1 (*supra,* n 1), however, applies only to "motions to produce not based on ORS 135.805." ORS 135.805[2] is the first provision in a series governing criminal discovery and does not, in itself, provide any basis for a motion to produce. We interpret the local rule to except from the 15-day requirement any motion to produce based on the criminal discovery statutes, ORS 135.805 *et seq.*

■ One of the grounds stated in support of the motion was that the breathalyzer ampule was within ORS 135.815(3) or (4):

> "Except as otherwise provided in ORS 135.855 and 135.873, the District Attorney shall disclose the following material and information within his possession or control:
>
> "* * * * *
>
> "(3) Any reports or statements of experts, made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons which the District Attorney intends to offer in evidence at the trial.
>
> "(4) Any books, papers, documents, photographs or tangible objects:
>
> "* * * * *
>
> "(b) Which were obtained from or belong to defendant."

Defendant's position was that the ampule was within ORS 135.815, but that even if it were not, *Michener* compelled the exclusion of the breathalyzer

---

[2] ORS 135.805:

"(1) The provisions of ORS 135.805 to 135.873 are applicable to all criminal prosecutions in which the charging instrument has been brought in a court of record.

"(2) As used in ORS 135.805 to 135.873, 'disclose' means to afford the adverse party an opportunity to inspect or copy the material."

results. The motion was therefore based, at least in part, "on ORS 135.805." Defendant was entitled to have a ruling on those statutory contentions, whether or not he made a *Michener* showing.

The trial court did not address the statutory discovery issues. We see no reason, however, to remand the case to the trial court for a consideration of those matters. The ampule was not the *result* of any scientific test, experiment or comparison. It was part of the test mechanism. The blood alcohol reading was the result. *See Michener, supra,* 250 Or App at 526, n 3. Moreover, the district attorney certainly had no intention of offering the ampule in evidence. ORS 185.815(3) does not apply. Furthermore, the ampule was not within the meaning of ORS 135.815(4). Defendant contends that breath obtained from him was trapped inside the ampule and that the breath was a tangible object, because it could be perceived by at least one of the senses and could chemically react. Whatever the merits of defendant's assertions as a general semantic matter, we conclude that the legislature did not intend the term "tangible objects" as used in ORS 135.815(4) to include a breath sample. Moreover, because the breath—or at least the alcohol in the breath—reacts with the chemicals in the ampule, the breath, as such, would no longer exist, even if the ampule had been preserved. It was, in effect, used up in the test.

The question remains whether the local rules required the filing of a motion to produce in order to preserve the other grounds on which the motion *in limine* was based. We believe that such an application of the rules would be unreasonable. Although we have determined that the breathalyzer ampule was not within the discovery statutes, that issue was previously open to argument. Defendant may have had a good-faith belief that the ampule was within the discovery statutes and therefore that Local Rule 5.1 did not require a motion to produce within 15 days. To

preclude defendant from arguing that the destruction of the ampule violated his due process rights on the ground that he had filed no motion to produce the ampule would not be reasonable.

■ Defendant's primary argument[3] was that "there is 'some reasonable possibility' that the ampule would be favorable to the defendant upon retesting, a process which is possible." In support of that argument, defendant submitted an affidavit of counsel which stated in material part:

"5. Such ampoules are capable of being scientifically retested to determine the accuracy of the blood alcohol reading at the time the test was administered. Dr. Peter Bentley, of Portland, Oregon, is able and willing to perform such tests.

"6. I have reviewed my file in this case which includes the reports of the arresting officer; I have spoken with my client, the defendant in this case; I have listened to the tape recording made at the scene of the arrest in this case; and I have talked with one other potential defense witness in this case; all of which indicate a physical and mental condition inconsistent with the alleged blood alcohol reading in this case.

"7. I have spoken with Lieutenant Vaughn of the Oregon State Police, and I have posed to him a hypothetical situation based upon the amount of alcohol my client consumed that evening. It was Lieutenant Vaughn's opinion that my client's blood alcohol level at the time he was stopped by the officer on the night in question would be less than a .10.

---

[3] Defendant also argued that the unavailability of the ampule violated his rights under the Sixth Amendment of the United States Constitution and Article I, section 11 of the Oregon Constitution. Those provisions state respectively:

"In all criminal prosecutions, the accused shall enjoy the right *** to be confronted with the witnesses against him ***."

"In all criminal prosecutions, the accused shall have the right to *** meet the witnesses face to face."

Defendant has cited no authority for applying those constitutional provisions to an item such as the breathalyzer ampule. We find no merit in the contention.

"8. Based on the above information, there is a probable error in the breath test administered to the defendant; and it is therefore necessary that the ampoule used in administering the test be retested to determine that error."

The state's counter-affidavit did not controvert any of those assertions. At argument on the motion, the prosecutor argued that defense counsel's affidavit was speculative and conclusory and that defendant must offer competent testimony in order to make a sufficient showing under *Michener.* Defendant's attorney argued that the affidavit was sufficient, but also stated, "I am prepared to offer testimony if the court wishes to hear testimony." Local Rule 5.2(4), *supra,* n 1, provides for an evidentiary hearing, but the trial court declined to take any evidence. The court concluded simply that the affidavit was insufficient under *Michener* and *State v. Reaves,* 25 Or App 745, 550 P2d 1403, *rev den* (1976). We conclude that was error. On remand (*see State v. Reaves, supra),* defendant should be allowed an evidentiary hearing in order to attempt to sustain his burden under *Michener. See also State v. Addicks,* 28 Or App 663, 669, 560 P2d 1095 (1977); *State v. Brewton,* 238 Or 590, 395 P2d 874 (1964).

Remanded.