Argued October 10, 1978, affirmed May 8, 1979

# STATE OF OREGON, *Respondent,*
*v.*
# GEORGE J. SPADA, *Petitioner.*
## (CA 9090, SC 25763)

594 P2d 815

Susan Elizabeth Reese, Portland, argued the cause and filed a brief for petitioner.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

HOWELL, J.

## HOWELL, J.

Defendant was charged with violation of the basic rule for travelling 56 miles per hour in a 30-mile per hour zone. The officer who issued the citation noted thereon that defendant's speed had been determined by radar. Prior to trial, defendant filed a motion for discovery requesting, *inter alia,* disclosure of the repair and maintenance records for the radar device used to determine his speed. The prosecution refused to produce the records, and defendant filed a motion to dismiss the complaint "on the grounds that plaintiff did fail and refuse, without any excuse or just cause whatsoever, to comply with defendant's pretrial discovery demand * * *."

The trial court heard arguments on the motion to dismiss and concluded that defendant had a right under "both state and federal due process" to obtain the radar records. Accordingly, the court ordered the prosecution to produce the records, and when the prosecution refused the court dismissed the complaint "in furtherance of justice" pursuant to ORS 135.755.

The State appealed to the Court of Appeals, which reversed, holding that defendant was not entitled to obtain the records in question absent a showing that the records would be favorable to his case and material to his guilt or innocence. 33 Or App 257, 259-60, 576 P2d 33 (1978). We granted review.[1]

Defendant's sole contention on appeal is that he has a right to obtain the requested evidence under the fifth amendment to the United States Constitution.[2]

---

[1] We originally granted review in this case because of a concern that the Court of Appeals had established an unwarranted limitation on the due process right of an accused in a criminal case to obtain evidence in the hands of the prosecution. *See State v. Michener,* 25 Or App 523, 532, 550 P2d 449 (1976)(requiring that a defendant establish by "concrete evidence" that the requested evidence would be favorable to his cause). For the reasons stated below, we are precluded from reaching that issue in this case.

[2] Both sides agree that the discovery statutes, ORS 135.805-.873, do not apply in this case.

Defendant relies on *Brady v. Maryland,* 373 US 83 (1963), and subsequent decisions of this court interpreting *Brady. See State v. Koennecke,* 274 Or 169, 545 P2d 127 (1976); *State ex rel Dooley v. Connall,* 257 Or 94, 475 P2d 582 (1970).

In *Brady v. Maryland, supra,* the United States Supreme Court held that

" * * * [T]he *suppression* by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 US at 87 (emphasis added).

The federal constitution, as interpreted in *Brady,* prohibits the "suppression" of evidence "favorable" to the accused. The State contends that absent a showing that the evidence requested in this case would *in fact* be favorable to the defendant, he has no right to pretrial discovery of such evidence. We do not reach the question of what showing the defendant would be required to make to obtain this evidence under *Brady,* however, because we conclude that under Oregon statutory law, there has been no "suppression" of evidence.

In a letter to counsel following oral argument in this case, we requested that the parties examine certain Oregon statutes to determine whether the evidence sought by defendant might not be obtained by means other than a claim under the federal constitution. In response, the State agreed that the statutes afforded the defendant a right to the evidence, but noted that defendant did not pursue the procedures mandated by these statutes. Defendant, on the other hand, while conceding that the statutes "may well" be applicable, argued in effect that we need not reach any statutory issue in this case because the case can be disposed of on constitutional grounds.[3]

---

[3] In her response to our letter, counsel for defendant stated:

"The essential issue in this case is the constitutional standard, for no request for discovery under the Public Records Act or through a

██ ██ Defendant puts the cart before the horse. It is basic that determination of Oregon statutory law is antecedent to any claim under the federal constitution, because the State does not violate any of a defendant's constitutional rights if, under this court's interpretation of the controlling statutes, those rights are in fact protected. *State v. Scurlock,* 286 Or 277, 593 P2d 1159 (1979); *State v. Flores,* 280 Or 273, 282, 570 P2d 965 (1977) (Linde, J., dissenting). Nor can the parties foreclose an appellate court from consulting statutory law simply by limiting their arguments on appeal to constitutional issues.[4]

██ ██ The State concedes that the records defendant seeks in this particular case could have been obtained by means of a subpena duces tecum pursuant to ORS 136.567 and 136.580.[5] The State also concedes that the records are subject to disclosure pursuant to the Public

---

subpoena duces tecum was made. The fact that the defendant may have been successful in securing the information requested by other means does not relieve the state of the burden of producing repair and maintenance records under *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 LEd 2d 215 (1963). The threshold question in the instant case is the duty of the state in light of the United States Constitutional standards, not whether any alternative procedure or burden may be imposed upon the defendant. The limitations of various statutes or a court's subpoena power are inappropriate in the instant case in which the constitution requires disclosure of the requested information."

[4] *Compare Zollinger v. Warner,* 286 Or 19, 593 P2d 1107 (1979), where we held that parties could not avoid resort to an administrative remedy simply by proceeding in court and failing to raise the issue.

[5] ORS 136.567 provides:

"Upon application of the defendant, the clerk of a court in which a criminal action is pending for trial shall, at the expense of the state or city, issue in blank, under the seal of the court, subpenas subscribed by him as clerk for not to exceed 10 witnesses within the state; provided, however, that any defendant may have subpenas issued for any number of witnesses at his own expense without an order of the court."

ORS 136.580 provides:

"If books, papers or documents are required, a direction to the following effect shall be added to the form provided in ORS 136.575: 'And you are required, also, to bring with you the following: (describing intelligibly the books, papers or documents required).' "

Records Inspection Act, ORS 192.410-.500.[6] It follows that there has been no "suppression of evidence" in this case, and the trial judge therefore should not have dismissed the complaint on that basis. If defendant wishes to obtain the radar records in question, he need only follow the procedures provided by the statutes.

The decision of the Court of Appeals is affirmed, but for the reasons stated in this opinion.

---

[6] ORS 192.420 provides:

"Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided * * *."