Argued March 20, affirmed June 11, 1979

# STATE OF OREGON, *Respondent,*
*v.*
# MARY KATHERINE ROLLF, aka
Mary Katherine Wagoner, *Appellant.*
(Nos. 105,377 & 106, 563, CA 12226)

595 P2d 1377

J. Michael Alexander, Salem, argued the cause for Appellant. With him on the brief was Brown, Burt & Swanson, P.C., Salem.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Richardson, and Roberts, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals her convictions for manslaughter in the first degree, ORS 163.118, and hindering prosecution, ORS 162.235. She contends the court erred in denying her motion for a new trial based on the alternate grounds of newly discovered evidence, ORS 17.610(4), or that the evidence was suppressed by the state in violation of her due process rights enunciated in *Brady v. Maryland*, 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963). The evidence involved was a key ring taken from defendant when she was arrested.

At approximately 11:30 p.m. on April 2, 1978, the defendant and her husband went to the home of the victim, who was defendant's brother. Inside the house, defendant's husband stabbed the victim in the abdomen. The two men continued to struggle. At this time a business associate of the victim approached the house and rang the door bell. He testified that he heard sounds of a struggle coming from the house. The door opened and the victim came out, pursued by the defendant's husband. The victim was bleeding from an abdominal wound. He said "Help me, they are trying to kill me." The witness saw the defendant come out of the house with a glittering object in her hand. He looked down and saw that she had a knife approximately eight to ten inches long. She walked up to the victim and stabbed him in the back. An autopsy disclosed stab wounds located in the area of the victim's back described by the witness.

The witness ran to a neighbor's house and asked the resident to call the police. He returned to the area of the victim's house and saw the defendant open the trunk of her car and her and her husband put the victim in the trunk. They drove away. They returned a short time later but left when they observed the police. They burned their clothing and concealed the victim's body. They subsequently fled to Mexico and were apprehended upon their return to the United States. The defendant's car was driven back to Oregon by a

police officer and impounded as evidence during the trial.

Defendant testified at trial. She denied she had stabbed the victim and testified that when she came out of the door of the victim's house she had her key ring in her hand. She stated that attached to the key ring is a long brown plastic plate containing silver letters spelling "KATHY." She contends the name plate with the letters sparkling in the porch light was what the witness saw in her hand. The key ring was not introduced in evidence.[1]

During argument to the jury, defendant's counsel described the key ring and argued that the eyewitness mistook it for a knife. He also referred to evidence the state had not produced and added:

"Let's talk a little bit about some other things. They have a key, an automobile key with a long, dangling plastic thing on it that's got silver letters, that she said was in her hand. It might dangle down and glitter. They took it from her. Where is it? It's not here now."

Following the jury verdict defendant moved for a new trial on the grounds that

"* * * there has been newly discovered evidence, which evidence was in the possession and control of the District Attorney's Office and not made available to the Defendant prior to trial, and which evidence is material to the issues presented in the trial of the above case."

No evidence was presented by either party at the hearing on the motion for new trial. A series of affidavits and counter-affidavits were filed by both parties. Conflicts in the factual statements made in the several affidavits were not resolved by the court. In separate affidavits of defendant and the two attorneys who were representing her during trial, it was stated that during the testimony of the eyewitness

---

[1] The key ring, which was made an exhibit for purposes of the motion for new trial, contains a five inch long brown plastic plate with dull silver colored letters spelling "KATHY."

defendant told her counsel at counsel table, and off the record, that she had her key ring in her hand. Defendant stated that was the first time she recalled that fact. In his affidavit, one of defendant's attorneys stated that after defendant had testified and while the trial was still in progress he had gone to the county jail and asked if the defendant's key ring was in her property held at the jail. He was informed it was not.

Defendant's chief counsel stated in an affidavit that after defendant had testified and during a recess in the trial, he had asked the prosecutor in substance the following question: "Gary, do you know where the key chain is?" and received in substance the following reply "Charlie, try your own case." Counter-affidavits denied this conversation had taken place.

From the uncontradicted portions of the several affidavits, it appears the key ring at all times was with the defendant's automobile which was held by the county sheriff. It also appears that defendant was given complete discovery. Defendant's attorneys were told prior to trial that they could inspect defendant's vehicle and were shown a photograph of the vehicle which plainly depicted the key ring hanging from the trunk lock.

Defendant argues the motion for new trial should have been granted on either of two grounds. She first contends that the evidence was newly discovered and would probably change the results of the trial.

ORS 17.610 provides in part:

"A former judgment may be set aside and a new trial granted on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *

"(4) Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial.

"* * * * *."

[539]

Applications for new trial based on newly discovered evidence are disfavored and the requirements are construed with great strictness. *State v. Walker*, 244 Or 404, 417 P2d 1004 (1966); *State v. Williams*, 2 Or App 367, 468 P2d 909 (1970). A defendant applying for a new trial because of newly discovered evidence must meet at least three requirements: the evidence would probably change the results of the trial, the evidence was discovered since the trial, and could not have been discovered before trial by due diligence. *State v. Williams, supra.*

Defendant argues that if the key ring had been physically in court it could have been used to shake the testimony of the eyewitness that defendant had a knife in her hand. She also argues that the jury could have found her testimony more credible if the key ring were displayed to the jury. This argument requires the court to speculate as to the eyewitness's reaction to seeing the key ring and the jury's assessment of defendant's testimony in conjunction with seeing it. This is not sufficient to establish that the outcome of the trial would probably have been different if the key ring were present in court.

Secondly, the key ring was not evidence discovered since the trial. Although it was not physically in court until after the trial, its significance and probable location was known to defendant during trial.

Thirdly, defendant did not use due diligence to obtain the evidence prior to the conclusion of the trial. Defendant's attorneys made one attempt to locate the key ring in the property of defendant held at the jail. ORS 135.865 provided defendant an adequate means of requiring the state to disclose the key ring. Upon learning the significance of the key ring defendant could have asked the court for an order under ORS 135.865 requiring the state to produce the key ring for inspection and for use in court during the trial.

Entwined with defendant's statutory claim for a new trial is the argument that the evidence was in the

possession of the state and was material to her innocence, and consequently nondisclosure violated her constitutional right to due process of law as set forth in *Brady v. Maryland, supra,* and *United States v. Agurs,* 427 US 97, 96 S Ct 2392, 49 L Ed 2d 342 (1976). Defendant argues under *Brady* and its progeny, if the evidence is in the possession of the state and is material to defendant's innocence, the conduct of the state in withholding the evidence or the diligence of the defendant in procuring it is immaterial. She contends that since the evidence was in possession of the state the only issue is whether it is favorable to her case.

We do not reach the constitutional issue because we conclude that the defendant had adequate statutory means to obtain the evidence during trial. Consequently, there was no suppression of evidence and no violation of defendant's constitutional rights. *State v. Spada,* 286 Or 305, 594 P2d 815 (1979). The key ring was taken from defendant at the time of her arrest. It was not seized as a discrete piece of evidence but as an incident to impounding defendant's vehicle and remained with the vehicle until brought into court by the state incident to the motion for new trial. The key ring was subject to discovery under ORS 135.815(4)(b). Prior to trial defendant's counsel were told the vehicle was available for their inspection and they were shown a photograph which clearly depicted the key ring hanging from the trunk lock of the automobile.

Defendant's counsel did not inspect the key ring because they apparently did not appreciate its significance until the eyewitness testified that defendant had a knife in her hand. At this point defendant could have sought production of the key ring under ORS 135.865. This is a relatively simple procedure which would have required only orally apprising the court that the key ring was sought by the defendant and was in possession of the state. There is nothing in the record to indicate this procedure would have been

fruitless. On the contrary, following the jury's verdict defendant moved for production of the key ring and the state immediately produced it without an order of the court.

It appears that defendant elected the strategy of describing the key ring to the jury and arguing the eyewitness was mistaken as to what defendant had in her hand. Having elected this course of action when an easily accomplished and readily available course of action would have produced the key ring for the jury's inspection, the defendant cannot now claim a violation of due process. *State v. Spada, supra.*

The motion for new trial was properly denied on statutory and constitutional grounds.

Affirmed.