Argued and submitted May 30, reversed and
remanded for trial with instructions September 8, 1980

## STATE OF OREGON,
*Appellant,*

*v.*

## MICHAEL GLEN LANCE,
*Respondent.*

(No. 25554, CA 16208)

616 P2d 546

John C. Bradley, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

THORNTON, J.

## THORNTON, J.

This is an appeal by the state from the dismissal of an indictment charging two counts of manslaughter in the second degree and one count of failure to perform duties of a driver involved in an accident. The trial court dismissed the indictment following a showing by defendant, who claimed that the cause of the accident was complete brake failure, that the state, after testing the brakes, had effectively eliminated the possibility of proving such failure by negligently allowing the brake parts to become rusted and corroded beyond the point that they could be retested by defendant's expert.

The essential facts are as follows:

Defendant was the operator of an automobile involved in a collision which resulted in two deaths. Defendant left the scene without rendering any assistance. At the time of the accident, the parties stipulated, defendant had a probable blood alcohol content of .20. Witnesses observed the car traveling at between 85 and 100 miles per hour about a mile and a half prior to the accident. Defendant, however, estimated his speed just before the accident at 65 to 70 miles per hour. Defendant contends that, when he saw the other vehicle, he attempted to slow down, but the brake pedal went all the way to the floor despite repeated pumping. One of the passengers testified that defendant exclaimed that the brakes did not work just prior to impact. The defendant had driven the car (belonging to a friend of defendant) for the first time that day and had noticed that the brakes did not function properly although their effectiveness was not substantially impaired.

Two days after the collision, the state's expert, an employe of the City of Redmond, examined the brake master cylinder in the police impoundment lot and concluded that the brakes were working properly. Thereafter, the disassembled parts were left out on the ground and exposed to the elements. Defendant's evi-

dence was that the parts became so rusted and corroded that it was impossible to reassemble the unit. Defendant's expert testified that he was unable to duplicate the tests performed by the state's expert. The trial court found as a fact that the state's expert had failed to make certain checks which he indicated he had made. He further found, based upon defendant's expert's testimony, that there was no brake fluid in the master cylinder, and that such a condition could not have been attributable to loss of the cap during the collision. There was further evidence that some seepage of brake fluid had occurred, further bolstering defendant's contention of malfunction. Both parties agreed that the brake system was negligently destroyed.

■ Defendant moved to dismiss the indictment on the ground that his defense was substantially impaired by destruction of this evidence in violation of his due process rights. *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963). The defendant has the burden of showing that there was a reasonable likelihood that such evidence would be favorable to a material element of his defense. *State v. Koennecke,* 274 Or 169, 545 P2d 127 (1976).

In *State v. Michener,* 25 Or App 523, 550 P2d 449, *rev den* (1976), we affirmed dismissal of a charge of driving while intoxicated where the state had destroyed the breathalyzer ampules and defendant showed, by means of a video tape taken at the time which evidenced no impairment in coordination or balance, that there was some likelihood that the breathalyzer results were wrong and that, had the ampules been preserved, a test could have been performed which would have corroborated or contradicted the results. 25 Or App at 532.

■ We believe that the retest might have revealed that the master cylinder leaked, causing the brakes to malfunction. If defective brakes were the cause of the collision, it would be material to the

defendant's defense on the charge of manslaughter. The evidence showed that the state's results could have been verified by retesting but for the negligence of its expert in allowing the parts to deteriorate. There was some evidence that the state's expert's test results were incorrect or that he had failed to consider some indications that the brakes did indeed malfunction.

■    The state argues that the defense was not prejudiced by the destruction of the auto's brake system, and that, even assuming the facts justify a finding that destruction of this evidence violated defendant's due process rights, dismissal of the indictment was too severe a sanction to impose. The state suggests that an appropriate remedy would be to exclude the test results of the state's expert and to require the state to stipulate that the brakes of the auto defendant was driving failed at the time of the collision. We agree, except that we believe the stipulation should be that the brakes were not functioning at the time of the collision.

■■    Lastly, the state further contends, and defendant makes no argument to the contrary, that the count in the indictment charging failure to render aid at an accident was improperly dismissed. The duty to stop and discharge certain obligations when an accident occurs exists regardless of the fault of the driver. ORS 483.602(1).[1] The part that the brakes may have played in the cause of this collision had nothing to do with defendant's failure to perform duties of a driver involved in an accident which results in injury to a person or property. This count was therefore improperly dismissed.

---

[1]

"The driver of any vehicle involved in an accident which results in injury or death to any person or causes damage to a vehicle which is driven or attended by any person, immediately shall stop such vehicle at the scene of the accident, or as close thereto as possible, and shall remain at the scene of the accident until he has fulfilled the requirements of subsection (2) of this section. Every such stop shall be made without obstructing traffic more than is necessary." ORS 483.602(1).

While we agree that defendant has met his burden of showing that his defense may have been prejudiced, at least theoretically, by the destruction of the auto's brake system, we conclude that dismissal of the indictment was too severe a sanction to impose. *Accord: State v. Jones,* 18 Or App 343, 525 P2d 194, *rev den* (1974). *See also State v. King,* 30 Or App 223, 566 P2d 204 (1977), *rev den* 280 Or 1 (1978).

Reversed and remanded for trial with instructions.