# STATE OF OREGON,
*Respondent,*

*v.*

# ERASMO HERNANDEZ PENA,
*Appellant.*

(CR 88-275; CA A62255)

813 P2d 1134

Appeal from Circuit Court, Hood River County.

John Jelderks, Judge, Judgment.

Ingrid A. MacFarland, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant was convicted of delivery of a controlled substance. ORS 475.992. He appeals from a pre-trial order denying his motion to disclose the identity of an alleged confidential informant.

In the morning of October 8, 1988, undercover police officer McCormick accompanied another person to a cocaine transaction in Hood River. The other person also served as translator. The seller arrived in a red Torino, left his car and got into the back seat of McCormick's car. McCormick stood outside the car near the rear passenger door, and the other person remained in the front seat. Another officer watched from a hiding spot about 100 feet away and got the license plate number of the Torino. The other person negotiated the transaction and appeared to know the seller. McCormick purchased the cocaine from the seller through the other person. The transaction was made in Spanish, and McCormick understood only a few words. Defendant was traced through the Torino. Two months later, McCormick identified defendant from a photograph and later, in court, identified him as the seller.

Defendant filed a notice of an alibi defense and, at trial, testified that, on October 8, he had driven with a companion from Hood River toward Madras, looking for jobs. The companion drove the Torino. Defendant testified that he did not return to Hood River until 2:00 a.m.

Before trial, defendant moved for an order directing the state to disclose the name of the other person involved in the transaction as an "informant" under OEC 510(4).[1] In

---

[1] OEC 510(4)(b) provides:

"No privilege exists under this section:

"* * * * *

"(b) If it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case or of a material issue on the merits in a civil case to which the unit of government is a party, and the unit of government invokes the privilege, and the judge gives the unit of government an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony. The showing will ordinarily be in the form of affidavits, but the judge may direct that testimony be taken if the judge finds that the matter cannot be resolved satisfactorily upon affidavit. If the judge finds that there is a reasonable probability that the

addition to the alibi defense, he gave notice of a possible entrapment defense. The court denied the motion. Defendant moved for reconsideration. The court then took testimony *in camera* from McCormick and the alleged informant. The court denied defendant's motion, finding:

"1.   The person identified as an informant was actually an eye-witness of the sale of cocaine.

"2.   The State does not intend to call that individual as a witness at trial.

"3.   That individual would give no exculpatory testimony.

"4.   The testimony of that individual would not aid the finder of fact in determining guilt or innocence."

Defendant argues that the trial court erred in requiring that an informant's potential testimony be exculpatory before ordering disclosure. He contends that, under OEC 510(4), the only requirement is that the testimony be "*necessary to a fair determination* of the issue of guilt or innocence." (Emphasis supplied.) The state argues that, under federal constitutional law, when the court determines that an informant, if called as a witness, would only inculpate the accused, the identity of the informant need not be disclosed. *See, e.g., United States v. Freund,* 532 F2d 501 (5th Cir), *cert den* 426 US 923 (1976); *United States v. Doe,* 525 F2d 878 (5th Cir), *cert den sub nom Lujan v. United States,* 425 US 976 (1976). The state contends that defendant is wrong in asserting that OEC 510(4)(b) establishes a different rule.

▪    We need not decide that question, because the parties are incorrect in characterizing this as an "informant" case under OEC 510. The person whose identity defendant sought was not an unknown informant but an eye witness whose identity was neither confidential nor secret. If defendant

informer can give the testimony, and the unit of government elects not to disclose identity of the informer, the judge on motion of the defendant in a criminal case shall dismiss the charges to which the testimony would relate, and the judge may do so on the judge's own motion. In civil cases, the judge may make any order that justice requires. Evidence submitted to the judge shall be sealed and preserved to be made available to the appellate court in the event of an appeal, and the contents shall not otherwise be revealed without consent of the unit of government. All counsel and parties shall be permitted to be present at every stage of proceedings under this paragraph except a showing in camera, at which no counsel or party shall be permitted to be present."

wanted to question that person at trial, he could have subpoenaed him. Even if defendant did not know the person's identity, or could not discover it independently, the state had no duty to disclose the witness' identity under the discovery statutes, because it did not intend to call that person as a witness.[2] Under the Due Process Clause, the state is only required to disclose *exculpatory* evidence to the defense. *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963); *Stout v. Gladden,* 250 Or 490, 443 P2d 631 (1968); *State v. Jones,* 18 Or App 343, 525 P2d 194, *rev den* (1974). The trial court correctly applied the exculpatory evidence standard to the testimony taken *in camera* and determined that it was not exculpatory. We have reviewed that testimony and agree. Disclosure of the identity of the other person who participated in the drug transaction was not required.

Affirmed.

---

[2] ORS 135.815 provides, in part:

"Except as otherwise provided in ORS 135.855 and ORS 135.873, the district attorney shall disclose to the defendant the following material and information within the possession or control of the district attorney:

"(1) The names and addresses of persons whom the district attorney intends to call as witnesses at any state [*sic*] of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons."