On appellant's motion for reconsideration filed October 31, and respondent's petition for reconsideration filed December 6, 1989, appellant's motion for reconsideration allowed; respondent's petition for reconsideration denied and former opinion (99 Or App 32, 780 P2d 1197) adhered to May 16, respondent's petition for review allowed June 19 (310 Or 121); appellant's petition for reconsideration denied August 8, appellant's petition for review allowed August 14, 1990 (310 Or 243)

# STATE OF OREGON,
*Respondent,*

*v.*

# PATTY S. THOMAS,
*Appellant.*

## (DA 362219-8802; CA A49453)

791 P2d 862

Richard L. Lonergan, Portland, for motion.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, for petition.

## DEITS, J.

Defendant's conviction for theft in the third degree, a violation, was reversed by this court, because her rights to a jury and proof beyond a reasonable doubt were denied. We remanded for a new trial. *State v. Thomas,* 99 Or App 32, 780 P2d 1197 (1989). In her motion for reconsideration, defendant argues that a new trial is prohibited by the former jeopardy provisions of ORS 131.515, Article I, section 12, of the Oregon Constitution and the Fifth Amendment of the United States Constitution. We allow defendant's motion but adhere to our previous decision.[1]

Defendant is correct that under ORS 131.515(3), a person may not be prosecuted twice for the same offense.[2] However, when defendant appealed this case, she waived her rights under ORS 131.515. ORS 131.525(1)(a). The dissent would apply the exception to waiver that exists if either the finder of fact or an appellate court finds the evidence insufficient to support a finding of guilty beyond a reasonable doubt. Or Const, Art I, § 12; *State v. Howley,* 94 Or App 3, 764 P2d 233, (1988). Defendant claims that the trial court found that there was insufficient evidence to prove her guilty beyond a reasonable doubt of the misdemeanor of Theft III, and that she was therefore acquitted of that crime. She makes her argument on the basis of this statement by the trial court:

> "If the ruling was required beyond a reasonable doubt, then I would have entered a finding of not guilty. That's so you've got a record."

Defendant's argument is without merit because she *was not in fact* acquitted of the misdemeanor of Theft III. When she was arraigned, pursuant to ORS 161.565(2), the charge against her was reduced from a *misdemeanor,* which

---

[1] The state petitions for reconsideration of our holding that defendant was denied her constitutional rights under Article I, section 11, of the Oregon Constitution and the Fourteenth Amendment as a defendant in a criminal proceeding. We deny the state's petition without discussion.

[2] ORS 131.515(3) provides:

"If a person is prosecuted for an offense consisting of different degrees, the conviction or acquittal resulting therefrom is a bar to a later prosecution for the same offense, for any inferior degree of the offense, for an attempt to commit the offense or for an offense necessarily included therein. A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the judgment of conviction is subsequently reversed or set aside."

requires proof beyond a reasonable doubt, to a *violation,* which requires only that the state prove its case by a preponderance of the evidence. Therefore, the only question before the trial court was whether the state proved by a preponderance of the evidence that defendant committed the violation. Whether the state proved beyond a reasonable doubt that defendant committed a misdemeanor *was not* an issue before the trial court. The trial court therefore acted beyond its authority when it stated that defendant was not guilty beyond a reasonable doubt, and its statement as to what it would have done if defendant had been tried under a different standard is *dictum.* Accordingly, defendant was not acquitted of the misdemeanor of Theft III, and the state therefore is not barred from prosecuting defendant for that offense. ORS 131.525(1)(a).

Appellant's motion for reconsideration allowed; respondent's petition for reconsideration denied; former opinion adhered to.

**EDMONDS, J.,** dissenting.

Defendant was charged with theft in the third degree, a misdemeanor. She was tried and found guilty of theft in the third degree, a violation, by a preponderance of the evidence. On appeal, we reversed, because the trial court had denied her a trial by jury and her right to be proven guilty beyond a reasonable doubt. It candidly stated that, if the requisite burden of persuasion had been proof beyond a reasonable doubt, it would have found her not guilty. The majority now sends her back to be tried anew for the same charge, based on the same operative facts, except that the charge will be reclassified as a misdemeanor. There is no guarantee that she will be re-tried before the same trier of fact. She faces the potential of being prosecuted for and convicted a second time for the same offense, whereas, if the court had not improperly decriminalized the charge, she would stand acquitted.

ORS 131.515 provides, in pertinent part:

"Except as provided in ORS 131.525 and 131.535:

"(1)   No person shall be prosecuted twice for the same offense."

ORS 161.505 defines an "offense" as a crime, a violation or an infraction. Under the majority's holding, defendant will be

reprosecuted for the same "offense," whether it be a misdemeanor or a violation.

Under ORS 131.525(1)(a), a defendant waives her rights under ORS 131.515 if she appeals. However, an exception to that rule exists if a defendant appeals and her conviction is reversed because of lack of evidence to support the conviction. *See, e.g., State v. Howley,* 94 Or App 3, 764 P2d 233 (1988). The reason for the exception is because the defendant would not have been required to appeal had a motion for judgment of acquittal been granted by the trial court. The same reasoning applies here. Had the trial court properly considered the evidence under the beyond a reasonable doubt standard, it would have found the defendant not guilty and she would not have been forced to appeal. For these reasons, I would hold that the state is barred by ORS 131.515 from prosecuting defendant a second time.

I dissent.

Joseph, Chief Judge, and Newman, Judge, join in this dissent.