Argued and submitted September 6, 1990, the decision of the Court of Appeals affirmed as modified and the judgment of the district court reversed March 7, 1991 ·

## STATE OF OREGON,
*Petitioner/Respondent on Review,*

*v.*

## PATTY S. THOMAS,
*Respondent/Petitioner on Review.*

(TC 362219-8802; CA A49453; SC S36723, S37351)

806 P2d 689

Richard L. Lonergan, Portland, argued the cause and filed the petition for respondent/petitioner on review. With him on the petition was Clint A. Lonergan, Portland.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for petitioner/respondent on review. With him on the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Peterson, Chief Justice, Carson, Gillette, Van Hoomissen, Fadeley and Unis, Justices.

FADELEY, J.

**FADELEY, J.**

Defendant appeals her conviction of theft, as a violation rather than a crime, at a trial employing a preponderance-of-the-evidence standard rather than proof beyond a reasonable doubt. The issue is whether the lesser standard is appropriate.

The district attorney charged defendant by information with theft as a Class C misdemeanor. At the time of arraignment and entry of her plea of not guilty, the state elected to try the case as a violation[1] under ORS 161.565(2) rather than a crime. That statute provides that: "The case shall proceed as a violation unless the district attorney affirmatively states that the case shall proceed as a misdemeanor." That statute also provides:

> "Upon appearance of the defendant upon any misdemeanor charge, * * * before the court asks under ORS 135.020 how the defendant pleads to the charge, the [state] shall declare on the record the intention whether or not to treat the offense in the case as a violation. * * * If the case proceeds as a violation, the accusatory instrument shall be amended to denominate as a violation the offense in the case * * *."

After a trial to the court, the trial judge, as factfinder, stated on the record that he would have found defendant not guilty had he required proof beyond a reasonable doubt but, because he used the standard of proof by a preponderance of the evidence, he found defendant guilty. The Court of Appeals reversed the judgment, remanding for a new trial. *State v. Thomas,* 99 Or App 32, 780 P2d 1197 (1989), 101 Or App 551, 791 P2d 862 (1990). Because the appropriate standard of proof is beyond a reasonable doubt for trials arising under ORS 161.565(2), we affirm the Court of Appeals' reversal of the district court's judgment but enter a judgment of acquittal.

No state or federal constitutional text expressly specifies the standard of proof required for a finding of guilt of either a crime or a violation. Proof beyond a reasonable doubt

---

[1] As a Class C misdemeanor the potential penalty was 30 days of incarceration and a $500 fine. ORS 161.615; ORS 161.635(1)(c). As a violation the potential penalty was a $250 fine. ORS 161.565(2); ORS 161.635(3).

is, nonetheless, a pervasive, historically ingrained requirement in criminal trials.[2] Moreover, the right to require that level of proof for conviction, and the formulation of a detailed description of that level of proof, were settled during a period of transition that occurred during and shortly after the time this nation was formed but before Oregon became a territory or a state.[3]

The idea of treating a crime as a violation is a more recent invention. In Oregon, the classification of some offenses as violations was statutorily created in 1971 in a general revision of the criminal code. Or Laws 1971, ch 743, § 71. In 1987, the state was given the option to treat a misdemeanor charge as a violation rather than a crime. Or Laws 1987, ch 783, § 1. That option of the prosecutor was further refined to its present form by Oregon Laws 1989, chapter 1053, section 17. Normally, a misdemeanor case is to proceed as a charge of a violation instead unless the district attorney, at arraignment, declares on the record that the case shall proceed as a misdemeanor crime. ORS 161.565(2).[4]

Statutes in existence at the time that ORS 161.565(2) was enacted required proof of all offenses beyond a reasonable doubt and classified violations as offenses. ORS 161.505 includes violations and crimes within the meaning of "offense"; ORS 131.005(6) includes prosecution of an "offense" within the meaning of "criminal action"; and ORS 136.415 applies the reasonable doubt standard to a "criminal action," thereby making that standard applicable to violations. ORS 161.565(2) does not, on its face, change, modify, or mention the burden of persuasion or the level of proof.

---

[2] Proof beyond a reasonable doubt was uniformly required in Oregon near the time of statehood. *See* General Laws of Oregon, ch 9, § 835(5), p 356 (Deady 1845-1864) ("that in criminal cases, guilt shall be established beyond reasonable doubt"); *cf.* Statutes of Oregon [Territory] 1855, ch XXXVI, § 1, p 276 (if "reasonable ground of doubt, in which degree of a public offence [sic]" a defendant is guilty, he can be convicted of the lower degree only).

[3] *See* Morano, *A Reexamination of the Development of the Reasonable Doubt Rule,* 55 B U L Rev 507, 514 (1975).

That rule appeared in several earlier cases, including the Boston Massacre Trials of 1770. *Id.* at 508. The reasonable-doubt rule was employed in numerous cases in the 1790's, and was fully accepted into American jurisprudence by the mid-nineteenth century. *Id.* at 519. *See id.* at 519-24 for a compilation of cases illustrating the gradual development of the standard in the courts of the original states.

[4] *See State v. Freeland,* 295 Or 367, 667 P2d 509 (1983), as to standardless decisions by the prosecutor of the method of charging a defendant.

Further, that statute's text contains no basis for suggesting that the legislature intended that the standard of proof of guilt of a violation, in a case arising under ORS 161.565(2), be less than proof beyond a reasonable doubt.[5] The state's brief offers no indication that the legislature considered changing the standard of proof. Legislative history indicates the change was a cost-saving measure adopted to avoid the need to appoint counsel for indigent defendants under ORS 135.045 — a statute applicable by its terms to "a person accused of a crime."[6] Accordingly, we hold that proof beyond a reasonable doubt, as specified in ORS 136.415, is required in trials arising under ORS 161.565(2).

The trial court as factfinder stated that its finding would be "not guilty," employing the proof-beyond-a-reasonable-doubt standard. Thus, defendant is not guilty of theft.

The decision of the Court of Appeals is affirmed as modified. The judgment of the district court is reversed. A judgment of acquittal shall be entered.

---

[5] Neither did the legislature in this instance attempt permanently to "decriminalize" all charges of theft or all misdemeanor charges. Nor did the legislature here express that a person charged would not have the right of proof beyond a reasonable doubt. ORS 161.565(2) is unlike the statute renaming, in all instances, a traffic offense as an "infraction" rather than a crime, and expressly removing procedural safeguards, but retaining punishments of a nature and magnitude characteristic of criminal convictions, with which the court dealt in *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977). This is not a case where the legislature sought to " 'decriminalize' the procedure rather than the offense." *Id.,* at 108.

[6] The parties have not argued that this case be disposed of on statutory grounds. However, parties may not foreclose an appellate court from consulting statutory law simply by limiting their arguments on appeal to constitutional issues. *State v. Spada,* 286 Or 305, 309, 594 P2d 815 (1979); *compare Zollinger v. Warner,* 286 Or 19, 593 P2d 1107 (1979) (parties cannot avoid required resort to an administrative remedy simply by failure to raise the issue) *with State v. Spada, supra; see also State v. Hitz,* 307 Or 183, 188-89, 766 P2d 373 (1988).