Argued and submitted July 24, reversed and remanded for new trial July 1, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# DALE E. HARDT,
*Appellant.*

## (C89-02-30816; CA A63102)

833 P2d 1316

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave

Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for delivery of a controlled substance. ORS 475.992. He contends that his motion to disclose the identity of a confidential informant should have been granted and that an instruction was erroneous. We reverse.

On the day of defendant's arrest, Officer Baxter had been told by an informant that defendant was selling marijuana near Washington Park. Baxter then gave the informant money to purchase marijuana from defendant. The informant did so and reported to Baxter that defendant was going into the park. The informant left. One week earlier, Baxter had given defendant a citation excluding him from the park for 30 days and warned him that he would be arrested for trespass if he returned to the park. Baxter went to the park, arrested defendant for trespass, searched him and his car and found a gun, defendant's business cards, a telephone pager and nine baggies of marijuana.

Defendant's motion to disclose the identity of the informant was based on the supposition that the state would prove the charge by showing that defendant had sold marijuana to the informant and, because the informant was, therefore, a witness, the identity of the informant must be disclosed.[1] The court found, on the basis of the state's representation, that the case would be tried only on the evidence seized from defendant and his vehicle and on statements that defendant made.[2] It held that, because evidence of the purchase by the informant would not be offered, the informant was not a witness to the crime charged.

Defendant does not challenge that basis for the denial of his motion, but he argues that the court should have conducted an *in camera* proceeding under OEC 510 before denying the motion. The contention defendant argues was not raised below, and defendant did not request *in camera* review under OEC 510. Therefore, we do not address his contention.

---

[1] At trial, defendant also contended that Baxter was lying about the informant and did not have probable cause to arrest him. He argued that the identity of the informant should be disclosed. He does not make that argument on appeal.

[2] Defendant does not challenge the admission of his statements.

■ In his second assignment, defendant challenges an instruction. The court instructed the jury on the lesser included offense of possession of less than one ounce of marijuana, which is a violation punishable by only a fine, ORS 475.992(4)(f), for which guilt may be proven by a preponderance of the evidence. *But see State v. Thomas*, 311 Or 182, 806 P2d 689 (1991). The court instructed:

> "The charged crime of delivery of a controlled substance has as a lesser included offense the offense which is not a crime of possession of less than one ounce of marijuana. That's an offense but not a crime. That is, it's not punishable by jail or prison."

Defendant objected to the instruction:

> "If we are not going to mention what sentence might come down for finding on the charged offense, then there should not be a mention of the sentence that is lesser or could be imposed over [*sic*] the lesser included offense."

The court responded:

> "I can't think of any other reason for telling the jury why the standard of proof is different. That's the reason I did it. But I think they probably are aware that a jail sentence is possible for delivery."

Defendant argues that instructing the jury about the possible penalty is prejudicial error. The state acknowledges that it is not the jury's function in a non-capital case to resolve punishment issues, so telling a jury about punishment is irrelevant. It argues that, even if there was error, it was not prejudicial.

The instruction improperly disclosed to the jury the penalty for a violation. Baxter testified that defendant told him, after he was arrested, that he had gone into the park to sell marijuana and described how he used juveniles to locate his customers. Defendant denied that he made those statements to the officer and testified that he was not selling drugs but had purchased nine baggies of marijuana for his own use. The total weight of the baggies was less than one ounce. *See* ORS 475.992(4)(f). Knowledge by the jury that, if it found defendant guilty of the violation, he could not be sentenced to jail, may well have influenced its evaluation of his testimony. We cannot disregard the possibility that the jury made its

determination on impermissible grounds. The error was not harmless.

Reversed and remanded for a new trial.