Argued and submitted August 28, affirmed December 24, 1996, petition for review
denied March 4, 1997 (325 Or 45)

# STATE OF OREGON,
## *Respondent,*

*v.*

# TIMOTHY MARK LOVETTE,
## *Appellant.*

## (11-94-08747; CA A88942)

930 P2d 856

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

### RIGGS, P. J.

Defendant appeals from a judgment of conviction for assault in the fourth degree, ORS 163.160, and harassment, ORS 166.065, assigning error to the court's treatment of those charges as misdemeanors rather than violations. We affirm.

The issue in this case is the same as that addressed in *State v. Bonnin*, 144 Or App 263, 926 P2d 830 (1996): whether the state satisfied the requirements of ORS 161.565(2) in order to proceed with the charged offenses as misdemeanors. Defendant asserts that it did not, and that the trial court consequently erred by allowing both offenses to be prosecuted as misdemeanors rather than violations. ORS 161.565(2) provides, as relevant:

> "Upon the date scheduled for the first appearance of the defendant upon any misdemeanor charge * * *, the district attorney first shall declare on the record the intention whether or not to treat the offense in the case as a violation. The case shall proceed as a violation unless the district attorney affirmatively states that the case shall proceed as a misdemeanor. If the case proceeds as a violation, the accusatory instrument shall be amended to denominate as a violation the offense in the case, and the offense, for purposes of the case, shall thereafter be treated as a violation subject to a fine as provided in ORS 161.635 for violations."

Defendant first appeared in this case at his arraignment, on November 15, 1994, where he received an information that contained the following statement at the bottom:

> **"All Counts are accepted and to be prosecuted as misdemeanors by the Lane County District Attorney."** (Boldface in original.)

Defendant appeared *pro se* at trial, and a jury found him guilty of both charges. After the verdicts, defendant retained counsel and moved to set them aside on the grounds that the trial court had abused its discretion in denying defendant's pretrial motion for a postponement and that the court had failed to properly advise defendant about proceeding *pro se*. Defendant did not argue that the verdicts should be set aside because the charges were violations under ORS 161.565(2).

The trial court denied the motion and entered a judgment of conviction pursuant to the verdicts. Defendant retained counsel through sentencing, at which the court imposed three years probation with conditions that included 30 days in custody.

On appeal, defendant argues that the state did not meet the requirements in ORS 161.565(2) to proceed with the charges against him as misdemeanors. On that ground, he assigns error to the court's failure to amend the information to denominate both charges as violations, its allowing the case to proceed as a prosecution for misdemeanors rather than for violations and its entry of misdemeanor convictions on both counts. The state responds that it declared its intent sufficiently under ORS 161.565(2) to proceed with the charges as misdemeanors. The state further argues that even if it did not satisfy the statutory requirements, the error is not preserved and we should not address it as an error of law apparent on the face of the record. ORAP 5.45(2). Defendant does not address whether the error is preserved, nor does he argue that it is reviewable as an error apparent under ORAP 5.45(2).

■ We agree with the state that the alleged error was not preserved. Defendant did not object at his sentencing, which would have preserved the error. *Bonnin*, 144 Or App at 267.[1]

■■ We may not review an unpreserved error unless it is one of law, apparent on the face of the record. ORAP 5.45(2). An error of law is "apparent" if "the legal point is obvious, not reasonably in dispute." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990); *see also State v. Montez*, 324 Or 343, 357, 927 P2d 64 (1996). Applying that standard, the trial court's failure to treat the charges as violations constitutes reversible error only if it is beyond dispute that the state's actions in this case did not meet the requirements of ORS 161.565(2) to proceed with the offenses as misdemeanors. We conclude

---

[1] We need not decide whether defendant could have preserved the error by objecting at another time below because defendant did not at *any time* argue to the trial court that the charges were violations under ORS 161.565(2) or make any objections on that basis.

that the trial court's treatment of the charges as misdemeanors, in the light of the language contained in the information, does not amount to an "error of law apparent on the face of the record."[2]

We have considered defendant's other assignments of error and reject them without discussion.

Affirmed.

---

[2] The other case in which we have addressed this issue, *Bonnin,* 144 Or App 263, is not controlling here, because the facts were significantly different. In *Bonnin,* we reversed the trial court's entry of misdemeanor convictions, holding that an indication on the indictment that the relevant counts were *statutorily defined as misdemeanors* was insufficient under ORS 161.565(2) for the state to proceed with the charged offenses as misdemeanors.