Argued and submitted May 30, affirmed December 24, 1996

# STATE OF OREGON,
*Respondent,*

*v.*

# TERRY LEE JOLLEY,
*Appellant.*

(930910M; CA A89104)

930 P2d 855

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Haselton, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Defendant appeals from a judgment of conviction for assault in the fourth degree, ORS 163.160, and harassment, ORS 166.065, assigning error to the court's treatment of the underlying charges as misdemeanors rather than violations. We affirm.

The issue in this case is the same as that addressed in *State v. Bonnin*, 144 Or App 263, 926 P2d 830 (1996): whether the state satisfied the requirements of ORS 161.565(2) in order to proceed with certain offenses as misdemeanors. Defendant asserts that it did not, and that the trial court consequently erred by allowing both offenses to be prosecuted as misdemeanors rather than violations. ORS 161.565(2) provides, as relevant:

> "Upon the date scheduled for the first appearance of the defendant upon any misdemeanor charge * * *, the district attorney first shall declare on the record the intention whether or not to treat the offense in the case as a violation. The case shall proceed as a violation unless the district attorney affirmatively states that the case shall proceed as a misdemeanor. If the case proceeds as a violation, the accusatory instrument shall be amended to denominate as a violation the offense in the case, and the offense, for purposes of the case, shall thereafter be treated as a violation subject to a fine as provided in ORS 161.635 for violations."

In this case, on the date scheduled for defendant's first appearance—his arraignment on July 7, 1993—the district attorney stated at the beginning of the court session:

> "Afternoon, judge. For the record, cases filed as misdemeanors will be prosecuted as misdemeanors and not reduced to violations."

In the interval between that statement and defendant's arraignment, the court heard five other matters ranging from arraignments to extraditions and an alleged violation of a DUII diversion agreement. Each matter lasted no more than a few minutes, and approximately 10 minutes elapsed from the beginning of the court session until defendant's arraignment. A different deputy district attorney from the one who declared the state's intention to proceed with the

cases as misdemeanors represented the state in the matters that followed, which included defendant's arraignment. At the bottom of the information upon which defendant was arraigned appeared the following statement: "The State requests Counts I and II proceed as misdemeanors."

Defendant pled not guilty to both counts. His case was subsequently tried to a jury, which found him guilty of both offenses. The court entered a judgment of conviction pursuant to the verdicts and sentenced defendant to five years probation with conditions that included 90 days in custody.

On appeal, defendant assigns error to the court's: (1) failure to amend the information to denominate both charges as violations; (2) allowing the case to proceed as a prosecution for misdemeanors rather than for violations; and (3) entry of misdemeanor convictions on both counts. Defendant argues that the court erred in those respects because the charges against him were violations as opposed to misdemeanors because the state failed to satisfy the requirements of ORS 161.565(2) to proceed with the offenses as misdemeanors. Defendant cites three facts in support of that assertion: (1) the record does not indicate whether defendant or his attorney was present when the district attorney declared the state's intention; (2) there was a lapse in time between the declaration and defendant's arraignment, during which five other matters were heard; and (3) a deputy district attorney other than the one who declared the state's intention to proceed with the cases as misdemeanors represented the state at defendant's arraignment. The state responds that it complied with the requirements of ORS 161.565(2) to proceed with the charges as misdemeanors. The state further argues that the alleged error was not preserved and that the error is not reviewable as an apparent error under ORAP 5.45(2).

██ We agree with the state that the alleged error was not preserved. Defendant did not object at his sentencing, which would have preserved the error. *Bonnin*, 144 Or App at 267.[1] We also agree that the alleged error is not reviewable as

---

[1] We need not decide whether defendant could have preserved the error by objecting at another time below because defendant did not at *any time* argue to the trial court that the charges were violations under ORS 161.565(2) or make any objections on that basis.

an apparent error under ORAP 5.45(2). *See State v. Lovette*, 145 Or App 317, 930 P2d 856 (1996) (court's treatment of charges as misdemeanors, when information states that state intends to prosecute the offenses as misdemeanors, does not amount to error of law apparent on the face of the record).

Affirmed.