Argued and submitted July 24, 1996, affirmed February 26, 1997

# STATE OF OREGON,
*Respondent,*

*v.*

# ELAINE JOHNSON,
*Appellant.*

## (94D104645; CA A90047)

934 P2d 525

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Defendant appeals her conviction for menacing. ORS 163.190. She first argues that the district court did not have jurisdiction to proceed with her case except to dismiss it in accordance with *State v. Rudder/Webb*, 137 Or App 43, 903 P2d 393 (1995), in which we held that district courts do not have jurisdiction over misdemeanors that have a potential fine of more than $3,000. However, that holding was reversed by *State v. Webb*, 324 Or 380, 927 P2d 79 (1996), and, accordingly, defendant's argument is without merit.[1]

Additionally, defendant argues that because the state did not orally declare on the record during her arraignment that it intended to proceed against her on the charges as misdemeanors, the trial court erred by failing to amend the complaint to denominate the charges as violations, by allowing the case to proceed as a prosecution of misdemeanor offenses rather than violations and by entering a misdemeanor conviction. The state asserts that it did affirmatively declare on the record its intent to proceed with the charges as misdemeanors when it so stated on the information, a copy of which was given to defendant prior to her arraignment. Because defendant did not preserve her claim of error, and because the error is not apparent on the face of the record, we affirm. *State v. Lovette*, 145 Or App 317, 930 P2d 856 (1996); *State v. Jolley*, 145 Or App 312, 930 P2d 855 (1996).

Affirmed.

---

[1] In the disposition of defendant Rudder, the Supreme Court vacated and remanded in the light of *State v. Webb. State v. Rudder*, 324 Or 512, 929 P2d 1009 (1997).