88

Argued and submitted March 13, affirmed in part; reversed and remanded in part
May 21, 1997

STATE OF OREGON,
*Respondent,*

*v.*

JOHN WAYNE HAYES,
*Appellant.*

(95-06-1387M; CA A92680 (Control))

STATE OF OREGON,
*Respondent,*

*v.*

JOHN WAYNE HAYES,
*Appellant.*

(93-12-2334; CA A92699)

STATE OF OREGON,
*Respondent,*

*v.*

JOHN WAYNE HAYES,
*Appellant.*

(94-01-0137; CA A92700)

STATE OF OREGON,
*Respondent,*

*v.*

JOHN WAYNE HAYES,
*Appellant.*

(95-03-0649; CA A92737)
(Cases Consolidated)

939 P2d 91

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals from a judgment of conviction on five offenses, assigning error to the court's treatment of four[1] of the offenses as misdemeanors rather than violations. We reverse and remand.

■ Defendant asserts, and the state concedes, that the trial court erred by entering misdemeanor convictions and sentencing her as a misdemeanant on four counts, on the ground that the underlying charges were for violations, as a matter of law, because the district attorney failed to satisfy the requirements of ORS 161.565(2).[2] *State v. Bonnin*, 144 Or App 263, 926 P2d 830 (1996).

■ Although defendant did not object when the trial court treated the offenses as misdemeanors at sentencing, he asks us to exercise our discretion and review the unpreserved error as one apparent on the face of the record. *See* ORAP 5.45(2).

We agree with the state that under our holding in *Bonnin* the error is apparent, and we exercise our discretion to review the error because it significantly implicates defendant's liberty interest. *See State v. Franks*, 143 Or App 384, 386-87, 923 P2d 1302, *rev den* 324 Or 488 (1996). We also exercise our discretion because the state concedes error and the state concurs that it constitutes plain error.

---

[1] The charges in question are two counts of recklessly endangering another person, ORS 163.195, and one count each of criminal mischief II, ORS 164.354, and failure to perform the duties of a driver when property is damaged, ORS 811.700.

[2] ORS 161.565(2) provides, in part:

"Upon the date scheduled for the first appearance of the defendant upon any misdemeanor charge, other than a misdemeanor created under ORS 811.540 and 813.010, the district attorney first shall declare on the record the intention whether or not to treat the offense in the case as a violation. The case shall proceed as a violation unless the district attorney affirmatively states that the case shall proceed as a misdemeanor. If the case proceeds as a violation, the accusatory instrument shall be amended to denominate as a violation the offense in the case, and the offense, for purposes of the case, shall thereafter be treated as a violation subject to a fine as provided in ORS 161.635 for violations. * * * If the offense is denominated a violation pursuant to this subsection, the court shall, when it enters judgment in the case, clearly denominate the offense as a violation in the judgment."

■ ■ The accused can be convicted only of the crime charged, and the judgment and sentence must therefore be responsive to, and based upon, the offense with which the accused is charged. It follows that a sentence for an offense other than that with which the accused was charged is unauthorized and therefore void. The district attorney failed to make the required declaration under ORS 161.565(2), and, by operation of the statute, counts two through five became violations. *Bonnin*, 144 Or App at 268-69. That is so notwithstanding the fact that the trial court neglected to amend the indictment to that effect. *Id*. at 267 n 1. As a matter of law, then, defendant was charged with four violations, and the trial court erred by imposing sentences on those four counts in excess of that authorized by ORS 161.565. Accordingly, we reverse and remand the judgment of conviction on counts two through five.

Judgment of conviction on count one affirmed; judgment of conviction on counts two through five reversed and remanded for entry of judgment as violations; otherwise affirmed.