Submitted on record and briefs May 8, judgment vacated; remanded to trial court with instructions in part; otherwise affirmed August 6, 1997

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHNNY LEE GILMOUR,
*Appellant.*

(CM95-21824; CA A95759)

944 P2d 321

Chris W. Dunfield filed the brief for appellant.

Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Richard D. Wasserman, Assistant Attorney General, filed the brief for respondent.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DEITS, C. J.

**DEITS, C. J.**

Defendant appeals his convictions for resisting arrest, ORS 162.315, and providing liquor to a person under 21, ORS 471.408. Although he was charged with a number of crimes, the jury acquitted him of all of the charges except the two above-mentioned convictions. Those convictions were entered as misdemeanors rather than violations.

Defendant argues that the trial court erred in entering the convictions as misdemeanors because the state did not indicate on the record that it intended to proceed with those two charges as misdemeanors, as required by ORS 161.565(2). The state concedes that it failed to indicate on the record that the state was proceeding with the charges as misdemeanors, and it concedes that that was error. We agree that the trial court erred in entering the convictions as misdemeanors, *State v. Bonnin*, 144 Or App 263, 926 P2d 830 (1996), and that the error is apparent on the face of the record. Accordingly, we exercise our discretion to review the error. *State v. Jones*, 129 Or App 413, 415-16, 879 P2d 881 (1994).

We note that the circumstances here are distinguishable from those in *State v. Lovette*, 145 Or App 317, 930 P2d 856 (1996), *rev den* 325 Or 45 (1997). In *Lovette*, we refused to exercise our discretion to review as apparent on the face of the record the defendant's claim that the state did not declare its intention to proceed on the charges as misdemeanors, as required by ORS 161.565(2). However, as we explained in *Lovette*, it was not clear from the record in that case that the state had failed to satisfy the statute. There is no dispute here that the statutory requirements were not met.

Judgment vacated; remanded to the trial court with instructions to enter the convictions for resisting arrest and providing liquor to a person under 21 as violations, and for resentencing; otherwise affirmed.