Argued and submitted January 29, reversed and remanded with instructions
April 29, 1998

## STATE OF OREGON
*Respondent,*

*v.*

## WILLIAM NEIL CARTER,
*Appellant.*

## (94M3063; CA A86654)

955 P2d 342

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Deits,* Chief Judge, and Haselton, Judge.

PER CURIAM

---

* Deits, C. J., *vice* Rossman, S. J.

## PER CURIAM

Defendant was charged with two counts of unlawfully discarding dead animal carcasses, ORS 164.785, and two counts of failure to bury the carcass of a domestic animal, ORS 601.140. The complaint listed the first two counts as Class A misdemeanors and the third and fourth counts as violations. The court entered misdemeanor convictions on all the charges, and defendant appeals. He first argues that, when the prosecutor did not declare on the record that the state intended to treat Counts I and II as misdemeanors, by operation of law they were to proceed as violations. *Former* ORS 161.565(2); *State v. Bonnin*, 144 Or App 263, 926 P2d 830 (1996). Defendant also argues that entry of misdemeanor convictions on counts III and IV was error because the complaint alleged that the offenses were violations.[1]

The state concedes that the court erred and that the misdemeanor convictions on all counts must be remanded for entry of a corrected judgment. We accept the state's concession. Defendant's remaining assignments of error do not require discussion.

Reversed and remanded for entry of corrected judgment showing convictions as violations and for resentencing.

---

[1] ORS 601.990(2) makes a violation of ORS 601.140 punishable by a maximum fine of $100.