Argued and submitted July 29, vacated in part; remanded with instructions in part; affirmed in part September 30, respondent's petition for reconsideration and motion to withdraw opinion and dismiss appeal filed October 13, and appellant's response filed October 22 allowed by opinion November 25, 1998
See 157 Or App 392, 968 P2d 859 (1998)

## STATE OF OREGON,
*Respondent,*

*v.*

## DONALD RAY JONES,
*Appellant.*

(961073CR, 9601315CR, 9601751CR;
CA A96048 (Control), A96064, A96065)
(Cases Consolidated)

966 P2d 1206

Anne Morrison, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Sally L. Avera, Public Defender.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

HASELTON, J.

## HASELTON, J.

Defendant appeals from his misdemeanor convictions and sentences for criminal trespass in the first degree, ORS 164.255, criminal mischief in the second degree, ORS 164.354, and the revocation of his probation in two prior and unrelated cases. He asserts that, because of noncompliance with ORS 161.565(2) (1995), the trial court erred in treating the charges against him as misdemeanors rather than violations. Defendant further asserts that the court revoked his probation based on an erroneous premise that he had committed "new criminal offenses." We conclude that the trial court erred in entering the convictions as misdemeanors and remand for entry, and sentencing, of those convictions as violations. We affirm the revocations of probation.

The material facts are undisputed. On July 15, 1996, the Klamath County District Attorney filed an information in Klamath County District Court, charging defendant with a variety of crimes, including criminal trespass in the first degree and criminal mischief in the second degree. The information identified those two offenses as Class A misdemeanors and included a notation, "By signing this information, the District Attorney declares that all misdemeanor crimes herein shall proceed as misdemeanors." The state subsequently dismissed that proceeding, opting to present the case to the grand jury instead. On July 22, 1996, the grand jury, in Klamath County Circuit Court No. 9601751CR, returned an indictment charging defendant with the same offenses alleged in the information, including criminal trespass in the first degree and criminal mischief in the second degree. The indictment, like the information, identified both of those offenses as Class A misdemeanors. However, the indictment did not bear the notation or "declaration" that appeared on the information. When defendant was arraigned, the prosecutor made no declaration on the record as to whether the misdemeanor counts against defendant would be treated as misdemeanors, or as violations.

The case proceeded to trial before a jury, which found defendant guilty of criminal trespass and criminal mischief but acquitted him on the remaining charges. The court

imposed 300-day sentences on each conviction, to run concurrently.

At the time of his convictions, defendant was on probation in two unrelated cases, Klamath County case Nos. 9601315CR and 9601073CR. The state subsequently sought to revoke defendant's probation based on his convictions. In the revocation proceeding, the following colloquy occurred:

> "THE COURT: Mr. Jones in the two probationary cases, motions to revoke have been filed. The allegations are that you have committed new criminal offenses. That constitutes the violation [of] the terms of your probation. * * *
>
> "* * * * *
>
> "THE COURT: Defendant [is] admitting to the violation of the terms of the probation by being convicted of new criminal offenses?
>
> "[DEFENSE COUNSEL]: Yes, Your Honor.
>
> "THE COURT: Is that correct, Mr. Jones?
>
> "[DEFENDANT]: Yes.
>
> "THE COURT: Okay, upon the Defendant's admission the court does find that he is in violation of the terms of probation in the two probationary cases I've just mentioned * * *."

The court then revoked probation in both cases and, in each, sentenced defendant to six months in prison and to two years of post-prison supervision.

■ On appeal, defendant first argues that, because of noncompliance with ORS 161.565(2) (1995), the court's treatment of the offenses as misdemeanors, and not as violations, was erroneous. The statute provided:

> "Upon the date scheduled for the first appearance of the defendant upon any misdemeanor charge, other than a misdemeanor created under ORS 811.540 and 813.010, the district attorney first shall declare on the record the intention whether or not to treat the offense in the case as a violation. *The case shall proceed as a violation unless the district attorney affirmatively states that the case shall proceed as a*

*misdemeanor.* If the case proceeds as a violation, the accusatory instrument shall be amended to denominate as a violation the offense in the case, and the offense, for purposes of the case, shall thereafter be treated as a violation subject to a fine as provided in ORS 161.635 for violations. If the district attorney declares an intention to treat the offense as a misdemeanor, the offense in the case shall thereafter continue to be treated as a crime. If the offense is denominated a violation pursuant to this subsection, the court shall, when it enters judgment in the case, clearly denominate the offense as a violation in the judgment."[1] (Emphasis added.)

Defendant contends that, because the prosecutor never made the required declaration in the case that culminated in his conviction, his misdemeanor convictions must be reversed and remanded for sentencing as violations.

■ Defendant acknowledges that he never raised and preserved an objection to noncompliance with ORS 161.565(2) (1995) in the trial court. Invoking *State v. Bonnin*, 144 Or App 263, 926 P2d 830 (1996), he asserts, nevertheless, that that alleged error was "error apparent on the face of the record," ORAP 5.45(2), and that we should exercise our discretion to reach and correct that alleged error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991).

■ The state responds that there was no error, much less "error apparent," because the district attorney's declaration in the information filed in the original, subsequently dismissed, district court proceeding was sufficient to satisfy the statute. In all events, the state argues, the effect of that initial declaration raises a sufficient question that any error cannot be "error apparent." In that regard, the state quotes *State v. Lovette*, 145 Or App 317, 320-21, 930 P2d 856 (1996) (quoting *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990)): "An error of law is 'apparent' if 'the legal point is obvious, not reasonably in dispute.'" The state concludes: "The state does not concede error in this case; thus, there is no error 'beyond dispute.'"

---

[1] In 1997, the legislature completely revamped ORS 161.565(2). Or Laws 1997, ch 852, § 12.

We disagree with the state's fundamental premise. The mere fact that a party disputes error does not mean that the error is *"reasonably* in dispute." Here, given *Bonnin,* "the legal point is obvious, not reasonably in dispute." *Brown,* 310 Or at 355.

■    Whatever the state of the law before *Bonnin,* it is now conclusively established that under ORS 161.565(2) (1995), the prosecutor was required, in defendant's first appearance in the case that culminated in defendant's convictions, to declare the state's intention to prosecute the charged offenses as misdemeanors. Although the efficacy or sufficiency of a particular form or mode of "declaration" might reasonably be disputed, *see, e.g., Lovette,* 145 Or App 317; *State v. Jolley,* 145 Or App 312, 930 P2d 855 (1996), the necessity of some declaration was "beyond dispute." Here, the circuit court proceedings that culminated in defendant's convictions did not comport with ORS 161.565(2) (1995). At no time in those proceedings, much less at defendant's first appearance, did the prosecutor declare the state's intention to treat the criminal trespass and criminal mischief charges as misdemeanors. At most, the indictment merely listed the offenses as misdemeanors. *See Bonnin,* 144 Or App at 268 ("At most, the list indicated that the offenses charged * * * were statutorily defined as [C]lass A misdemeanors; it did not indicate the manner in which the state intended to proceed with those offenses."). We note, moreover, that, unlike in *Lovette* and *Jolley,* the indictment did not include any statement of intent to prosecute the offenses as misdemeanors.

■    We also reject the state's argument that the "declaration" in the information was sufficient to satisfy the statute—or, at least, sufficient to raise a "dispute" so as to preclude treatment of the alleged error as "plain error." What occurred in the prior, dismissed district court proceeding is immaterial to—and does not raise a reasonable dispute about—compliance with ORS 161.565(2) (1995) in *this* case. As defendant observes:

"That information was filed by a different prosecutor, in a different legal proceeding and a different court, before a different judge. Defendant was represented by a different attorney, and that case was ultimately dismissed * * *.

"Simply put, the state relies upon an accusatory instrument in a case which the state itself chose to dismiss in order to proceed in another forum. Upon dismissal of the district court case, the underlying information was superseded by the circuit court indictment and retained no legal force or effect."

We thus conclude that the requirements of ORS 161.565(2) (1995) were not satisfied in the circuit court proceeding that culminated in defendant's misdemeanor convictions and that that noncompliance is "error apparent on the face of the record."

■ We further elect to exercise our discretion to review, and correct, that error. *Ailes*, 312 Or at 382 n 6. In so electing, we note, particularly, that the error "significantly implicates defendant's liberty interest." *State v. Hayes*, 148 Or App 88, 91, 939 P2d 91 (1997). We further note that, unlike in *Hayes* and *State v. Gilmour*, 149 Or App 414, 944 P2d 321 (1997), the state has not conceded error, much less plain error; nevertheless, the state's reticence in that regard does not and cannot, in and of itself, preclude our exercise of *Ailes* discretion. *Cf. State v. Jones*, 129 Or App 413, 879 P2d 881 (1994); *id.* at 417 (Riggs, J., concurring); *id.* at 419 (Haselton, J., concurring) (all addressing effect of state's concession of error on court's exercise of *Ailes* discretion).

We thus vacate the judgment of conviction and remand case No. 9601751CR to the trial court with instructions to enter the convictions for criminal trespass in the first degree and criminal mischief in the second degree as violations.

■ Defendant also assigns error to the revocation of his probations in case Nos. 9601315CR and 9601073CR. Defendant asserts that the trial court's action was based on its erroneous characterization of his convictions as being for new "criminal offenses." We reject that argument. When asked by the trial court, defendant and defense counsel explicitly concurred that defendant had violated his terms of his probation "by being convicted of new criminal offenses." *See* 156 Or App at 334. Given that concurrence, defendant cannot now complain that the trial court's characterization of his convictions was somehow improper. *See generally Sterling v. City of*

*Albany*, 276 Or 403, 406-07, 555 P2d 23 (1976); *Anderson v. Oregon Railroad Co.*, 45 Or 211, 216-17, 77 P 119 (1904) (both addressing "invited error").

Judgment in case No. 9601751CR vacated; remanded to trial court with instructions to enter convictions for criminal trespass in the first degree and criminal mischief in the second degree as violations, and for resentencing; otherwise affirmed.