Argued and submitted January 27, affirmed April 14, 1999

## STATE OF OREGON,
*Respondent,*

*v.*

## EMILIO MANGANA CRUZ,
*Appellant.*

(T95124761; CA A99647)

979 P2d 311

Anne Morrison, Deputy Public Defender, argued the cause for appellant. With her on the brief was Diane L. Alessi.

James R. George, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

## LINDER, J.

■ Following a guilty plea, defendant was convicted of the misdemeanor of giving false information to a police officer. ORS 162.385. On appeal, he contends that the case should have proceeded as a violation, rather than as a misdemeanor, because the prosecutor failed to comply with the requirements of *former* ORS 161.565(2).[1] Under that statute, the prosecutor at arraignment must declare whether a misdemeanor charge will be prosecuted as a misdemeanor or as a violation. If the declaration is not made, the case must proceed as a violation. *State v. Bonnin*, 144 Or App 263, 926 P2d 830 (1996).

■ We do not reach defendant's contention on appeal, because we conclude that it is not within the scope of our review. Under ORS 138.050, if a defendant appeals from a conviction on a guilty plea, our review is limited to whether the sentence exceeds the maximum authorized by law or is cruel and unusual. None of defendant's challenges to the prosecution of the case as a misdemeanor, rather than as a violation, can be considered following a guilty plea. *See State v. Belzons*, 140 Or App 198, 915 P2d 428 (1996) (challenge that court lacked jurisdiction to enter misdemeanor conviction and that sentence therefore exceeded maximum authorized by law, not within scope of review of conviction on guilty plea); *State v. Woodard*, 121 Or App 483, 855 P2d 1139 (1993) (claim that evidence did not support conviction of sodomy, but supported only lesser offense, and that sentence therefore exceeded maximum allowable by law not reviewable following guilty plea).[2]

Affirmed.

---

[1] Although not applicable to this case, the statute was amended in 1997 to provide that if the declaration is not made, the case will proceed as a misdemeanor. Or Laws 1997, ch 852, § 12.

[2] Our prior cases involving claims of noncompliance with the requirements of the misdemeanor-violation election statute have, with only one exception, been appeals of convictions based on jury verdicts. *See State v. Jones*, 156 Or App 331, 966 P2d 1206, *opinion withdrawn on other grounds* 157 Or App 392, 968 P2d 859 (1998); *State v. Gilmour*, 149 Or App 414, 944 P2d 321 (1997); *State v. Lovette*, 145 Or App 317, 930 P2d 856 (1996). The exception is *State v. Bonnin*, which involved four convictions that the defendant claimed should have been prosecuted as violations rather than misdemeanors due to noncompliance with the election statute. Of the four, two of the convictions were on guilty pleas and two were on jury verdicts. Our decision did not address the scope of review limitations of ORS 138.050; apparently, both the court and the parties overlooked that issue.