Argued and submitted April 26, reversed and remanded for new trial May 29, 2002

## STATE OF OREGON,
*Respondent,*

*v.*

## SCOTT EARL MIDDLEMISS,
*Appellant.*

9909-49687, 9907-46385;
A110658 (Control), A110659
(Cases Consolidated)

47 P3d 528

David E. Groom, Public Defender for Oregon, and Irene B. Taylor, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Michael J. Slauson, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of driving under the influence of intoxicants, ORS 813.010; resisting arrest, ORS 162.315; and failure to appear, ORS 133.075.[1] Defendant appeals, arguing that the trial court erred in permitting the trial to proceed without first determining whether he knowingly and voluntarily waived his right to counsel. The state acknowledges that the courts have held on numerous occasions that waiver of counsel requires that the difficulties of self-representation and the benefits of being represented by an attorney be made known to a defendant before a waiver will be considered knowing and voluntary. *See, e.g., State v. Meyrick*, 313 Or 125, 831 P2d 666 (1992). The state further concedes that the record in this case does not reveal that defendant was advised about the dangers of self-representation. We find the state's concession to be well founded and therefore accept it.

Reversed and remanded for new trial.

---

[1] ORS 133.075 has since been repealed and renumbered as ORS 133.076. *See* Or Laws 1999, ch 1051, § 63.