Argued and submitted January 29, affirmed March 10, 2004

STATE OF OREGON,
*Respondent,*

*v.*

BARRY CRAIG MORROW,
*Appellant.*

01112789; A117451

86 P3d 70

Stephanie Hortsch, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Ozanne, Executive Director, Office of Public Defense Services.

Daniel J. Casey, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendant, who was convicted following a bench trial of driving under the influence of intoxicants (DUII), ORS 813.010, appeals, asserting that he did not voluntarily and knowingly waive his right to a jury trial. Defendant acknowledges that he did not raise and adequately preserve that issue in the trial court. However, he contends that, because he represented himself, he could not "be expected to object to the trial court's failure to adequately inform him of his right to a jury trial, when he was not properly advised of those rights in the first place." As described below, we reject that argument. We further conclude that the asserted error was not "error of law apparent on the face of the record." ORAP 5.45(1). Accordingly, we affirm.

The material facts are undisputed. On November 17, 2001, defendant was arrested for DUII. At a pretrial hearing, defendant informed the court of his intention to represent himself at trial. The court engaged defendant in a detailed colloquy regarding defendant's right to court-appointed counsel, and, after informing the court that "I know my constitutional rights and all of that" and refusing the assistance of an attorney, defendant signed a waiver form. Defendant does not dispute the validity of that waiver. During that colloquy, defendant also indicated that he wished to try the case to the court and signed a written jury waiver form.[1]

■     On appeal, defendant contends that he is entitled to a new trial because, notwithstanding his execution of the written jury waiver form, the record does not disclose that that waiver was voluntary and informed. In particular, defendant asserts that the court was obligated to engage in a colloquy with him, explaining the consequences of a jury waiver form, but failed to do so. Because defendant failed to raise any objection in the trial court regarding his jury trial

---

[1] The jury waiver form, signed and dated by defendant, reads:

"WHEREAS, the above-named Defendant has been charged with the crime of DUII, alleged to have been committed in Linn County, Oregon, on the 17[th] day of November, 2001, NOW, THEREFORE, the Defendant does hereby expressly waive the right to a trial by jury, and elects to be tried by the above-entitled Court."

waiver form, we must initially address that question of non-preservation. *State v. Wyatt*, 331 Or 335, 341-43, 15 P3d 22 (2000). That inquiry, in turn, depends on the resolution of two questions: (1) Was defendant's obligation to preserve the alleged error obviated because he was acting *pro se*? (2) If not, is the trial court's alleged default nevertheless reviewable as "error of law apparent on the face of the record" under ORAP 5.45(1)?

■ Here, as noted, defendant does not dispute that he validly waived counsel and elected to represent himself. *See State v. Middlemiss*, 181 Or App 658, 659, 47 P3d 528 (2002) (waiver of counsel is valid if "the difficulties of self-representation and the benefits of being represented by an attorney [were] made known to a defendant"). In general, *pro se* defendants who have validly waived representation by counsel and elected to represent themselves must, like represented litigants, preserve alleged errors at trial for appellate review. That is, *pro se* litigants are bound by the same preservation rules that bind all other parties. *See generally State v. Lovette*, 145 Or App 317, 930 P2d 856 (1996), *rev den*, 325 Or 45 (1997) (error not preserved because the defendant, appearing *pro se* at trial and with counsel at sentencing, failed to object); *State v. Twitty*, 85 Or App 98, 735 P2d 1252, *rev den*, 304 Or 56 (1987) (claim of insufficient evidence to support court's finding of murder not preserved because the *pro se* defendant failed to move for judgment of acquittal at trial); *State v. Palmer*, 35 Or App 125, 128, 580 P2d 592 (1978) ("A defendant appearing *pro se* must inform himself of and comply with court rules as any other litigant.").

■ *State v. Cole*, 323 Or 30, 912 P2d 907 (1996), announced a limited exception to that general principle: When a defendant who appeared *pro se* at trial contends, for the first time on appeal, that his or her *waiver of counsel* was invalid, that argument is preserved without the need for an objection at trial. As the Supreme Court explained in *Cole*:

> "The error claimed in this case is that the trial court conducted a crucial stage of this criminal case while defendant was without counsel and without first obtaining an informed or intelligent waiver of the right to counsel. * * * [T]hat claim of error is preserved, even without an objection by the unrepresented party that his or her waiver of counsel

was not an informed waiver. *A defendant whose waiver of counsel is accepted without first being apprised of the risks of self representation cannot be expected to object to acceptance of that waiver on the ground that he or she was not apprised of those risks."*

*Id.* at 36 (emphasis added).

Here, defendant invokes *Cole* and invites us to expand its exception to obviate preservation requirements with respect to the adequacy of a jury trial waiver by a *pro se* defendant who validly waived counsel and elected to represent himself. We decline that invitation for two related reasons.

First, *Cole* is explicitly limited to the waiver of counsel. That comports with *Cole*'s internal logic: A party who has not been given enough information to know whether he or she should forego representation cannot be expected to be aware of the need to preserve error—and, particularly, to object to the adequacy of the court's colloquy regarding the risks of self-representation. 323 Or at 36.

■■ Second, that principle does not apply after a party, who has been sufficiently apprised of the risks of self-representation to make a valid, informed choice, elects to represent himself or herself. Rather, by virtue of that election, such a party accepts the burdens and risks of incomplete knowledge of the law. Consequently, as noted, a party who knowingly and voluntarily elects to represent himself or herself is subject to the same preservation requirements as any other litigant. *See, e.g., Lovette,* 145 Or App 317; *Twitty,* 85 Or App 98; *Palmer,* 35 Or App 125. Thus, for us to consider defendant's present arguments, the alleged error must be apparent on the face of the record. *Lovette,* 145 Or App at 320. "An error of law is 'apparent' if 'the legal point is obvious, not reasonably in dispute.' " *Id.* (quoting *State v. Brown,* 310 Or 347, 355, 800 P2d 259 (1990)).

There was no "plain error" here because the legal premise of defendant's argument—that the court is obligated to inform *pro se* litigants, who have validly elected to represent themselves, of the consequences of a jury waiver—is hardly "obvious, not reasonably in dispute." *Brown,* 310 Or at

355. To the contrary, the existence of such a duty, much less its contours, is subject to reasonable dispute.

■■ It is well settled that for a defendant to validly waive the right to trial by jury, the waiver must be made in writing and be voluntary and knowing. *State v. Lemon*, 162 Or App 640, 642, 986 P2d 705 (1999). It is also well settled that if a "trial court [ ] receives a written jury waiver from a represented defendant," the court is not "required to inquire whether the defendant's waiver was voluntary." *State v. Wigglesworth*, 186 Or App 374, 378, 63 P3d 1185 (2003). However, no Oregon decision addresses whether a trial court must discuss the consequences of a jury waiver form with a *pro se* defendant. The answer is not "obvious." Indeed, as we explored with counsel during oral argument, the logical extension of defendant's premise would obligate trial courts to engage in colloquies with *pro se* defendants who elect not to exercise rights of cross-examination or not to present evidence in their own defense. Beyond that, even if we were to assume that *some* colloquy is necessary, the minimum constitutionally required content of such an exchange between the court and an unrepresented defendant would be a matter of reasonable dispute. In sum, defendant's unpreserved challenge is not reviewable as "error of law apparent on the face of the record." ORAP 5.45(1).

Affirmed.